## Williams v. Commonwealth.

(Decided June 16, 1916.)

### Appeal from Carter Circuit Court.

1. Criminal Law—Malicious Shooting and Wounding—Self Defense— Instructions.—In a prosecution for malicious shooting and wounding, a self defense instruction telling the jury that "If they believe from the evidence that at the time the defendant shot and wounded Jesse Stamper, defendant was in immediate danger of death or great bodily harm then about to be inflicted on him, or which reasonably appeared to the defendant about to be inflicted on him by Lewis Fauson, then the defendant had the right to use such force as reasonably appeared to him to be necessary to protect himself from death or great bodily harm at the hands of said Lewis Fauson," etc., is not erroneous on the ground that the right of self defense is made to depend upon the danger as it appeared to the jury instead of upon the danger as it appeared to the defendant.

2. Criminal Law—Malicious Shooting and Wounding—Self Defense— Instruction—Provocation of Difficulty.—In a criminal prosecution for malicious shooting and wounding, a qualification of a self defense instruction in the following language: "That if the jury believe from the evidence beyond a reasonable doubt that the defendant sought and began the difficulty in which said Jesse Stamper was shot and wounded by assaulting Lewis Fauson with a deadly weapon," etc., sufficiently restricts the provocation of the difficulty to the immediate time and circumstances of the difficulty during which the wounding occurred, and is not erroneous on the ground that it might apply to a previous difficulty.

3. Criminal Law—Malicious Shooting and Wounding—Self Defense— Provocation of Difficulty—Instruction.—Where, in a prosecution for malicious shooting and wounding, the evidence for the Commonwealth shows that the defendant armed himself and went in the direction of the person wounded and the party accompanying him and fired a shotgun at them before the party accompanying the wounded party began to shoot at defendant, a charge qualifying the right of self defense by the provocation of the difficulty is proper.

CALHOUN B. WILHOIT and C. L. WILLIAMS for appellant.

M. M. LOGAN, Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellant, William Williams, who was convicted of the offense of maliciously shooting and wounding Jesse Stamper and given an indeterminate sentence in the penitentiary of from three to five years, seeks a reversal of the judgment.

The evidence in brief is as follows: Jesse Stamper testified that he and Lewis Fauson were on Fauson's farm salting some cattle when the appellant rode past them on a horse. After leaving Fauson's farm he and Fauson were walking up the county road, abreast of each other and about eight or ten feet apart. They met Williams, who was carrying a shot-gun and a revolver. Williams was in the road between them and their home. Witness inquired of Williams if he was looking for a mad dog. Thereupon Williams, without saying a word, fired two shots from his shot-gun at witness and wounded witness in the leg. Williams then turned on Lewis Fauson and opened fire on him with his revolver. Fauson then fired six shots at Williams. Witness afterwards told different persons at different times that Williams did not want to shoot him and did not intend to do so. The reason he made these statements was because he was afraid that his sons and Williams would have further trouble. He and Williams had always been good friends. Fauson corroborated Williams in the above statements, and also stated that Williams and his father had a difficulty with him a short time before the shooting, in which Williams exhibited and flourished a shot-gun. This happened at Fauson's home, a short distance from the place where Stamper was shot. Fauson further testified that the difficulty which occurred at his home was brought on by Williams. He also stated that he had never injured any of Williams' sheep or any other stock. Appellant, Williams, testified that on the day of the shooting he saw Fauson and Stamper in a field near his home. He and his father had various kinds of stock grazing nearby. For some time Lewis Fauson had been shooting their sheep and he believed that Fauson was in the field that day for the same purpose. He then went home and secured a shot-gun and a forty-four Smith & Wesson revolver. He met Fauson and Stamper in the road, and when within a short distance from them Fauson jumped behind Stamper and

opened fire with a revolver. One ball struck the barrel of the shot-gun which witness was carrying. As Fauson was shooting at him over Stamper's shoulder, he was compelled, in order to defend himself, to shoot directly at Stamper. He and Stamper had always been good friends and he did not want to shoot Stamper. As soon as the shooting was over he rushed to Stamper and crie⌐ and told him that he regretted he was compelled to shoot him, but that he did so in order to save his own life. When he fired these shots he believed that he was in danger of death or some great bodily harm at the hands of Lewis Fauson. He only fired one shot from his revolver. J. H. Williams, appellant's father, stated that he did not see the commencement of the difficulty, but heard the shots. Several of his sheep had been shot and killed and he had been informed that Lewis Fauson had been killing his stock. When his son started in the direction of the place where the shooting took place he begged him not to go. He then followed him, and when he reached the scene of the difficulty he heard his son tell Stamper that he didn't go to shoot him.

It is not insisted that the evidence is insufficient to sustain a conviction, or that the trial court erred to appellant's prejudice in the admission and rejection of testimony. Error in instruction No. 4 is the only ground urged for a reversal. That instruction is as follows:

"The court instructs the jury if they believe from the evidence that at the time the defendant shot and wounded Jesse Stamper, that defendant was in immediate danger of death or great bodily harm then about to be inflicted on him, or which reasonably appeared to the defendant about to be inflicted on him by Lewis Fauson, then the defendant had the right to use such force as reasonably appeared to him to be necessary to protect himself from death or great bodily harm at the hands of said Lewis Fauson, and if the jury believe from the evidence that at a time when defendant was in immediate danger of death or great bodily harm then about to be inflicted on him, or which reasonably appeared to the defendant about to be inflicted on him by Lewis Fauson, he (defendant) shot at said Lewis Fauson and missed him and accidently and unintentionally shot and wounded Jesse Stamper, then the jury will find the defendant not guilty upon the grounds of self-de-

fense and apparent necessity; but this instruction is subject to this modification: That if the jury believe from the evidence beyond a reasonable doubt that the defendant sought and began the difficulty in which said Jesse Stamper was shot and wounded by assaulting Lewis Fauson with a deadly weapon when it did not reasonably appear to him to be necessary to protect himself from immediate danger of death or great bodily harm then about to be inflicted on him, or which reasonably appeared to defendant about to be inflicted on him by said Lewis Fauson, then in that event the jury can not acquit the defendant upon the grounds of self-defense and apparent necessity."

This instruction is attacked on the ground that it made the right of appellant to defend himself depend upon the danger as it appeared to the jury from the evidence in the case, and not on the danger as it appeared to appellant at the time of the shooting. While it is true that the instruction tells the jury that "if they believe from the evidence that at the time the defendant shot and wounded Jesse Stamper defendant was in immediate danger of death or great bodily harm then about to be inflicted on him," and thus makes the existence of the danger a fact to be determined by the jury, it does not stop there, but goes further and uses the words "or which reasonably appeared to the defendant about to be inflicted on him by Lewis Fauson, then the defendant had the right to use such force as reasonably appeared to him to be necessary to protect himself," etc.

In other words, his right of self-defense is made to depend both on the actual existence of the danger as it appeared to the jury, and on the existence of the danger as it appeared to defendant in the exercise of reasonable judgment. Under the circumstances, we do not regard the instruction as prejudicial. Indeed, the instruction, with such slight changes as were necessary to meet the circumstances of this case, is identical in language with that given and approved by this court in the case of Turner v. Commonwealth, 28 R. 487, 89 S. W. 482. However, we conclude that it is the better practice to give a self-defense instruction in the language employed in the cases of Mullins v. Commonwealth, 32 R. 1216, 108 S. W. 252; and Wilson v. Commonwealth, 121 S. W. 430.

The instruction is also complained of because of the closing language modifying the right of self-defense. It is insisted that, in view of the evidence to the effect that appellant flourished a shot-gun at the residence of Fauson a short time before, the jury may have concluded that, under the instruction given, this was a bringing on of the difficulty in question and deprived him of the right of self-defense. It is true that we held in the case of Greer v. Commonwealth, 27 R. 333, 85 S. W. 166, that in a prosecution for assault with intent to kill, a charge qualifying the right of self-defense by provocation of the difficulty, without restricting the qualification to the immediate time and circumstances of the difficulty during which the assault occurred was erroneous, where there was evidence of previous difficulties between defendant and the person assaulted. In that case, however, the qualification was in the following language: "Unless you believe from the evidence that the defendant brought on the difficulty, then the law of self-defense does not apply, unless the defendant in good faith abandoned the difficulty." It will thus be seen that the qualifying language did not limit the time, place or manner of bringing on the difficulty, but was applicable to any difficulty that had theretofore taken place between the parties. In the case under consideration, however, the qualification is in the following language: "That if the jury believe from the evidence beyond a reasonable doubt that the defendant sought and began the difficulty in which said Jesse Stamper was shot and wounded by assaulting Lewis Fauson with a deadly weapon," etc., thus restricting the qualification to the immediate time and circumstances of the particular difficulty in which Jesse Stamper was wounded, and necessarily excluding the idea that it applied to any previous difficulty between the appellant and Fauson. Since the qualification was thus restricted and there was evidence tending to show that appellant armed himself and went in the direction of Stamper and Fauson and fired his shot-gun at them before Fauson made any effort to shoot him, it is clear that the qualification was proper. Turner v. Commonwealth, *supra;* Ross v. Commonwealth, 21 R. 1344, 55 S. W. 4; Godfrey, v. Commonwealth, 15 R. 3, 21 S. W. 1047.

Judgment affirmed.