## Howard v. Commonwealth.

(Decided November 4, 1921.)

### Appeal from Letcher Circuit Court.

1. Criminal Law—Circumstantial Evidence.—A conviction may be had upon circumstantial evidence alone, this class of evidence oftentimes being of equal efficacy as direct proof.

2. Criminal Law—New Trial.—Where accused had a fair and impartial trial, a new trial will not be ordered unless the verdict is flagrantly and palpably against the evidence, or so contrary thereto as to make it appear it was the result of passion or prejudice.

3. Criminal Law—Continuance.—The granting of a continuance in criminal cases being within the sound discretion of the court this discretion will not be interfered with in the absence of a showing that it has been abused.

D. D. FIELDS & DAY and ROBT. BLAIR for appellant.

CHAS. I. DAWSON, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

This is an appeal from a judgment finding appellant guilty of housebreaking and fixing his punishment at a term of two years in the penitentiary. Two grounds are relied upon for reversal:

. 1. That the evidence offered by the Commonwealth in no way connects appellant with the commission of the crime; it is all circumstantial and not sufficient to cause a conviction, and

2. Alleged error of the court in refusing to grant a continuance.

The crime with which appellant was charged was committed on the night of January 24, 1921; the place entered was the home of French Hawk, a practicing attorney of the Whitesburg bar. Mr. Hawk had been employed by appellant to prosecute a claim for wages due him from a coal company. On the date referred to appellant was at Mr. Hawk's office three times, the last time being as late as seven o'clock in the evening. He told Mr. Hawk he had to have some money, and was bound to get it that night. Appellant was informed that if he would procure a certain affidavit from the company's bookkeeper, in verification of his claim, a portion of the money due could be advanced.

Mrs. Hawk, in company with a lady acquaintance, attended an entertainment at the school house that evening, a fact well known to appellant, who also knew that Mr. Hawk would not be at home but had to be at his office, hence no one was at the Hawk residence that evening. Returning to his home about nine o'clock that evening Mr. Hawk found that the bolt on the kitchen door had been pushed off; the door was open; a flash light, six silver dollars and a watch were missing. A search warrant failed to disclose anything other than the fact that appellant had one silver dollar in his possession. At the time of his arrest appellant pointed out to the officers the pair of shoes he had worn that night. On the following morning large, fresh shoe tracks were discovered leading from the garden to the Hawk residence and when these were compared with appellant's shoes it was found that they fitted exactly. The witnesses state they were thus able to identify the tracks from the fact that the shoes were worn at the heels, the right heel showing more wear than the left.

Appellant denied the charges and insisted that after leaving Mr. Hawk's office he visited the jail, did some work at a local hotel, then went immediately to his board-

ing house, where he was later arrested. Appellant testifies he did not know where Mr. Hawk lived, but Mr. Hawk said that defendant had seen him going to and from his home, and another witness testifies that some time before this date, when they were hauling some kindling wood to an adjoining neighbor, he pointed out Mr. Hawk's residence to appellant.

There is no merit in the contention that a reversal should be ordered because the evidence is merely circumstantial since a conviction may be had upon circumstantial evidence alone, this class of evidence oftentimes being of equal efficacy as direct proof.

Where accused has had a fair and impartial trial a new trial will not be ordered by this court unless the verdict is flagrantly or palpably against the evidence or, as otherwise expressed, a verdict will not be interfered with unless it affirmatively appears that it is so contrary to the evidence as to make it appear it was the result of passion or prejudice.

One of the many reasons for the application of this well settled rule is the fact that jurors are better able to correctly place the proper weight to be given the evidence; they both see and hear the witnesses, are frequently acquainted with them and are conversant with their habits and character.

The pressing financial needs of appellant, his insistence that he was compelled to have some money that night; his frequent visits to Mr. Hawk's office; the knowledge that the family was away from home; the fact that he knew where Mr. Hawk lived, though he denied such knowledge, and the worn heels of his shoes fitting so exactly the tracks leading to the house, were circumstances sufficient to sustain the verdict. The jurors saw appellant and the witnesses; they were satisfied of the former's guilt, hence the entire record considered we are not prepared to say that the evidence, though not weighty, is such as to warrant us in ordering a reversal.

Sec. 188 of the Crim. Code authorizes the postponement of a trial when sufficient cause therefor is shown by either party. The granting of a continuance in criminal cases is within the sound discretion of the court, a discretion that will not be interfered with in the absence of a showing that it has been abused. Where it is not shown that the effect of the testimony of absent witnesses cannot be obtained from reading in evidence an affidavit as to what they would testify to, the refusal to grant a con-

tinuance will not be interfered with. In the present case the appellant secured the benefit of the testimony of the absent witnesses, as the affidavit was read as their deposition. Besides their testimony was merely cumulative. A party cannot complain of the court's failure to grant a continuance so that the personal attendance or oral testimony of witnesses might be procured where no facts are shown to warrant the conclusion that the proper effect of their testimony could not be obtained without their presence in court. It was not shown that the personal attendance of the witnesses named in the affidavit was necessary.

For the foregoing reasons the judgment must be and is, accordingly, affirmed.