# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## Waitman v. Marksberry, et al.

(Decided June 22, 1923.)

### Appeal from Daviess Circuit Court.

1. Sales—Seller of Tobacco Crop Cannot Deliver in its Place Tobacco Purchased From Others.—A tobacco grower, who contracted to sell his crop to dealers at a stipulated price, had no right to sell his crop to others and buy other tobacco with which to fill his contract with the dealers, since there was a personal element in the contract.

2. Trial—Jurors Cannot Impeach Verdict by Affidavit.—Jurors cannot impeach their verdict by affidavit or otherwise, unless to show the verdict was arrived at by lot or some such method, and therefore affidavits of jurors that the verdict was rendered by mistake cannot be considered.

3. Appeal and Error—Verdict is Conclusive Unless Against Palpable Weight of Evidence.—Where there was sufficient evidence on the disputed questions of fact to carry the case to the jury, and the instructions substantially stated the law of the case, the verdict is conclusive, unless it be palpably against the weight of the evidence.

R. M. HOLLAND for appellant.

LOUIS I. IGLEHEART and BEN D. RINGO for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

This litigation arose in an attempt to enforce a writing which reads:

"I, or we have. this day sold to Marksberry and Trogden our entire 1919 crop of tobacco; estimated at 10,000

lbs. To be delivered at Owensboro, Ky., not later than the first day of June next, at the following prices:

| Leaf | $29.00 | Leaf |
|------|--------|------|
| Lugs | 29.00 | Lugs |
| Trash | 29.00 | Trash |

"Same to be well picked in the above grades, and delivered by the first day of June next, in good handling order, clear of mould or other damage.

"Remarks:                          L. R. WAITMAN."

Appellant Waitman in 1919 raised a large crop of tobacco, supposed to be about 10,000 lbs., which he had stored in certain parts of his barn on his farm. By the contract above copied he sold this crop to appellees, Marksberry and Trogden, at $29.00 per 100 lbs. He delivered one load of his tobacco, according to the contract, and received $433.84 therefor. Tobacco went up in price about that time. Later appellant delivered 1,830 lbs. which were received by appellees and for which they did not pay. At a still later date appellant tendered 6,665 lbs. of tobacco which appellees declined to accept on the ground that it was not the tobacco grown by him and which they had purchased of appellant. It was then sold over the floors of the tobacco warehouse at a price less than 29 cents per pound, and appellant brought this action against Marksberry and Trogden to recover the difference between the price which he would have realized at 29 cents per pound and the price which he did realize from the sale on the open market. Appellees filed an answer and counterclaim averring that they purchased appellant's crop of tobacco then in his barn which was of a high quality and agreed to pay him therefor $29.00 per 100 pounds, but after delivering one load appellant sold the remainder of his crop for a much higher price and bought other tobacco of an inferior grade with which he offered to fill his contract with appellees and which they refused. He denied this, thus presenting the issue. The jury returned a verdict awarding the defendants below, appellees here, the sum of $173.85 on their counterclaim, and Waitman appeals.

As grounds for a reversal of the judgment he says (1) that the verdict is contrary to the instructions; (2) the verdict was rendered through mistake and does not represent the sentiment, judgment or agreement of the

jurors who signed same; (3) the verdict is contrary to the evidence and is flagrantly against the evidence.

It is hardly necessary to say that appellant had no right to sell his crop of tobacco and buy other tobacco with which to fill his contract with appellees, for there was a personal element in the contract. Schultz v. Johnson, 44 Ky. 497.

We cannot agree with appellant that the verdict is contrary to the instructions. We think the instructions very clearly and succinctly presented the law of the case. The jury was warranted under the instructions, if it believed the evidence offered by appellees, in returning the verdict upon which the judgment appealed from was entered. It therefore follows that the verdict is not contrary to the instructions.

It is next insisted that the verdict was rendered through mistake. More than one of the jurors, after the return of the verdict, filed affidavits in substance saying that the jury had agreed upon a verdict somewhat different from the one returned, or, in other words, that they had adopted a calculation which they now believe to be erroneous, but that the verdict they returned was the one they believed at that time was correct and which at that time they intended to return. We have many times held that a juror will not be heard to impeach the verdict which he and his co-workers returned, by affidavit or otherwise. Facts may be shown from other sources which may impeach the verdict but not by jurors, unless the verdict was arrived at by lot or some such method. The affidavits cannot be considered for any purpose in this case.

We do not consider the verdict contrary to the evidence. On the contrary, it seems the evidence for appellee fully supports it. It was merely a question of fact, and as there was sufficient evidence to carry the case to the jury and the instructions substantially stated the law of the case, the verdict, as in every case, is conclusive unless it be palpably against the weight of the evidence, which is not the case here.

Judgment affirmed.