# Davidson v. Commonwealth.

(Decided March 19, 1929.)

MOORMAN DITTO and S. J. SPARKS for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of robbery, and his punishment fixed at two years' imprisonment.

The principal ground urged below for a new trial, and relied on here for a reversal of the judgment, is that the special judge was without authority to try appellant. The facts disclosed by the record and amended record brought up by the commonwealth are these:

On February 29, 1928, and during the regular February, 1928, term of the Boyd circuit court, an order was entered calling a special term of the court to be held at Catlettsburg, and to begin on March 12, and continue for 18 juridical days. The order gave the style of each case to be tried, and specified the date on which such case was set for trial. Among the cases designated in the order was Commonwealth of Kentucky v. Orville Davidson,

which case was set for trial on March 20th. On March 19, 1928, and during the regular March, 1928, term of the Boyd circuit court, an order was entered reciting that the cases set for trial at the special term could not be tried or disposed of within the 18 days, and calling another special term of the court, beginning April 2, 1928, and continuing 12 juridical days, or so much time as was necessary for the disposition of such cases as remained of the certified list sent with the original application for the present special term of the court. On March 22, 1928, and during the March, 1928, regular term of the Boyd circuit court, the following order signed by the regular judge was entered:

"It appearing to the satisfaction of the court that there will not be sufficient time at the special term of court called for March 12, and to continue for 18 juridical days, to try the cases set for trial at said special term, it is now ordered that another special term of said court be and the same is now called beginning April 2 and to continue for 10 days, to finish the trial of said cases."

Having been notified by the clerk of the Boyd circuit court that the regular judge, Hon. H. L. Woods, was disqualified or otherwise unable to preside at the special April, 1928, term of that court called to begin April 2, 1928, and to continue for 12 juridical days, the Chief Justice, on March 22, 1928, designated Hon. Edgar B. Hager, a member of the bar having the qualifications of a circuit judge, "to preside at said term and try all cases included in the call and set for hearing," and on the same day he received from the Governor a commission appointing him special judge to preside at the special April, 1928, term of the Boyd circuit court, to try all cases as set forth in the designation of the Chief Justice of the Court of Appeals.

When the case of Commonwealth of Kentucky v. Orville Davidson was called for trial on March 20, and during the special March term, the accused asked a continuance on account of absent witnesses. His motion was sustained, and the case was continued until April 2, 1928, the first day of the new special term theretofore called. On the calling of the case on April 2, the accused renewed his motion for a continuance, which motion was overruled with the agreement that the testimony of the absent witnesses contained in the affidavit should be read as their

evidence, subject to relevancy and competency. The trial then proceeded, with the result above indicated.

The order calling the special April term was entered at the regular March, 1928, term of the Boyd circuit court (section 965, subd. 32, Kentucky Statutes, Baldwin's 1926 Supplement), and the special term was called while the court was in session in the same county. After conferring on the circuit judge such power, the statute provides:

"Every such order calling such special term shall specify the day when the special term of the court shall commence, and the time it shall continue, and shall give the style of each case to be tried, or in which any motion, order or judgment may be made or entered at such special term, and no other case shall be tried, or motion made, or order or judgment entered therein in any case, even by agreement of parties, except upon direction of the chief justice as provided by section 971-12 of this act." Section 971-13, Kentucky Statutes, Baldwin's 1926 Supplement.

The order being otherwise sufficient, the only question for decision is whether it gives the style of each case to be tried. It is true that we held in the case of Thacker v. Phillips' Adm'r, 213 Ky. 687, 281 S. W. 831, that an order calling a special term, "at which term of court all the equity cases on the docket of this court will be before the court for consideration or for trial as may then be determined by the court," was not a technical or substantial compliance with the statute. But here the facts are different. The original order calling the first special term to begin on March 12, and continue for 18 juridical days, gave the style of each case to be tried, including the case of the commonwealth against appellant. The order of March 22, after reciting that it appeared to the satisfaction of the court that there would not be sufficient time, at the special term of the court called for March 12, to try the cases set for trial at said special term, ordered that another special term be called, beginning April 2, and to continue for 10 days, to finish the trial of said cases.

The purpose of the statute in requiring the order to give the style of each case to be tried was to notify litigants and their attorneys of the particular cases to be tried. Here appellant and his attorneys knew that his

case was included in the original call for the March special term. They were apprised by the order of March 22 that the special April term was called to finish the trial of cases not disposed of at the March special term. They knew that appellant's case was not disposed of at the March special term. Not only so, but, when appellant's case was called for trial on March 20, it was continued and set for trial on April 2, the first day of the special April term. In the circumstances the order of March 22, calling the special term, was a sufficient compliance with the statute, and the special judge designated by the Chief Justice, and commissioned by the Governor, had the power to try appellant at the special April term.

Another ground on which a reversal is asked is that the court erred in refusing appellant a continuance. The continuance was asked on account of the absence of Joseph Wineka, Mrs. Joseph Wineka, and Della Wineka, who live in Ohio, and who, it is alleged in the affidavit, would testify that at the time of the alleged hold-up appellant was at their home in Ohio. In his affidavit appellant alleged that he had exercised due diligence to procure their attendance, that the said witnesses then had sickness in their family, which made it impossible for them to come to court, and that they were ready and willing to come without process from any court, as soon as it was possible for them to do so. Accompanying the affidavit was a statement from a physician that Mrs. Wineka and Mrs. Ethel Davidson were unable to attend court due to illness.

An affidavit merely stating that the affiant had used reasonable diligence to procure the attendance of the absent witnesses is not sufficient. It must go further, and state facts showing that due diligence was actually used. Warman v. Commonwealth, 207 Ky. 738, 270 S. W. 48. Of course, the same rule applies to a case where the witnesses are nonresidents of the state. White v. Commonwealth, 80 Ky. 480. Here the affidavit does not show that appellant made any effort whatever to have the absent witnesses present, or to take their depositions. The certificate of the physician refers to only one of the witnesses, on account of whose absence the continuance was asked. A continuance on the same ground was granted 10 or 12 days before. In the circumstances, the court might, with propriety, have refused to permit the affidavit to be read as the depositions of the absent witnesses. Glisper v. Commonwealth, 186 Ky. 276, 217 S

W. 348; Armstrong v. Commonwealth, 177 Ky. 690, 198 S. W. 24. But, as the affidavit was read for that purpose, it cannot be said that the court abused a sound discretion in refusing to continue the case. Howard v. Commonwealth, 192 Ky. 687, 234 S. W. 299; Martin v. Commonwealth, 197 Ky. 43, 245 S. W. 869.

On the whole, we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed. Whole court sitting.