# Allen v. Commonwealth.

(Decided May 13, 1930.)

JAMES R. HINES for appellant.

J. W. CAMMACK, Attorney General, and HOWARD BLACK for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant was indicted for the offense of unlawfully having intoxicating liquors in his possession, coupled with the further charge that he had been previously convicted for selling such liquors.

A jury heard the evidence and returned a verdict of conviction, fixing the punishment at one year in the penitentiary. Appellant has appealed, and his counsel urge upon the court two grounds for reversal. The first ground is unusual. After the jury had retired for deliberation one of the jurors stated in the presence of the whole jury that a member of the regular panel, not sitting on the trial of this case, had told him while court had been going on that he had seen appellant with a jug supposed to contain whisky, and that when appellant saw that he was discovered he took his jug with him into the brush by the side of the road.

The attention of the trial judge was called to this indiscretion on the part of the garrulous juror by affidavits filed in support of the motion for a new trial. The juror admitted that he mads the statements, and three other jurors admitted that they heard what he said. Judge Sims, the presiding judge, immediately called all

of the twelve jurors before him and interrogated each member separately. Eight of the jury did not hear the statements, and the other three heard them but they, with the juror who made the statements, were, so he stated, each uninfluenced by what the juror said. He, himself, stated that the information which he had received from another member of the regular panel in no wise affected his vote in reaching a verdict in the case. There is only one state of case which allows the examination of a juror to establish a ground for a new trial. If it be alleged in the motion for a new trial that the verdict was made by lot, the allegation may be supported, or refuted, by members of the jury. This is allowed by the provisions of section 272 of the Criminal Code of Practice. That section provides that a juror cannot be examined to establish any other ground for a new trial.

In the case of McDowell v. Com., 207 Ky. 680, 269 S. W. 1019, there was an effort to show by the affidavit of one of the jurors that the jury had considered rejected testimony in reaching its verdict, but this court held that the ground for a new trial could not be thus supported. The case of Clark v. Com., 201 Ky. 620, 257 S. W. 1035, was cited as authority for the conclusions reached by the court on that point.

In the case of Waitman v. Marksberry et al., 200 Ky. 1, 254 S. W. 432, the court applied the same rule in a civil case and, without citing authority, it was held that the court had many times decided that a juror will not be heard to impeach the verdict by affidavit or otherwise.

In the case of Wolf v. Com., 214 Ky. 544, 283 S. W. 385, one of the grounds for a new trial was that an outsider made an affidavit that he had heard one of the jurors in the jury room, while the jury was discussing its verdict, make certain statements indicating that he was attempting to influence the jury by matters known to him, but not disclosed by the evidence. This court held that, while the affidavit of a juror cannot be received to impeach a verdict or the conduct of one of the jurors, it is admissible to support a verdict when an attempt is made to impeach it by other testimony.

In the late case of Irvine v. Greenway, 220 Ky. 388, 295 S. W. 445, it was again held that the affidavit of a juror was not competent to impeach the verdict of the jury.

These decisions preclude us from giving favorable consideration to the first ground argued for a reversal of the judgment.

The other ground relied on is that the verdict is flagrantly against the evidence. This requires a brief statement of the facts developed on the trial. There had been a wedding in the neighborhood. The sister of appellant had married the day before. At the home of Odie Allen, a brother of appellant, in the afternoon between three and four o'clock there were present Ray Allen, the appellant, Clarence Coy, Leona Coy, Ruby Allen, Odie Allen, and Ellis Norris. The last mentioned was not related to appellant, but all of the others were close relatives by blood or marriage. There is no explanation of their gathering at the home of Odie Allen at this time, but probably they were there to congratulate the bride and groom married the day before. They were in a pleasing frame of mind, and were enjoying music furnished by a graphophone. Without invitation two young ladies of the neighborhood broke into the family circle. One was the chief prosecuting witness, Sis Kirby Johnson, and the other was Della Gary Embry. The evidence relates to what happened during the few minutes that the two girls remained at the home of Odie Allen. Sis Kirby Johnson, aged seventeen, testified that she and Della Gary Embry went to the home of Odie Allen, where they found the persons above mentioned assembled. While she was there Ray Allen produced a quart fruit jar containing white whisky, which he offered to her and her companion to drink. She declined to drink, but Della Gary Embry drank from the fruit jar more than once, and very shortly she passed under the influence of the beverage. She desired to dance to the music, and the drunker she became the more insistent was her terpsichorean actions. Odie Allen did not appreciate the exhibition which she was making of herself in the presence of his wife, and to stop the music he removed the crank handle, and, at the same time, he suggested that these girls should seek harbor elsewhere. They left with the appellant accompanying them. Della Gary Embry became increasingly intoxicated as they proceeded along the road to the home of a neighbor, where she was residing at the time. Before she had traveled the distance of about half a mile it was necessary for Sis Kirby Johnson and appellant to support her on her way.

The county attorney lived by the roadside, and, having completed his labors at the courthouse for the day, he was sitting on his porch in the cool of the evening when he discovered their passing. He testified that Della Gary Embry was drunk and boisterous as she passed his home.

It is urged with vehemence that the testimony of Sis Kirby Johnson and the county attorney, coupled with the testimony that the reputation of the appellant in the neighborhood was to the effect that he was a bootlegger, was not sufficient to support the verdict. It is pointed out that Sis Kirby Johnson did not make a satisfactory witness, and that her testimony is contradictory, evasive, and illogical. She described in detail what took place, she saw the fruit jar and she saw appellant procure it from a receptacle over a little stand table near the kitchen door. She did not drink from the fruit jar, but she smelled the whisky and it appeared to her to be whisky, and it had the effect that whisky ordinarily has on a person who drinks it. It is true that the attorney representing appellant sought diligently to have her state that she had told him in the witness room that she did not smell the whisky, but she stuck to her story with reasonable tenacity.

The testimony of those present at the time of the appearance of the two girls was to the effect that they saw no fruit jar, no whisky, no drinking, and nothing which would indicate that appellant was in possession of intoxicating liquors. Their version of the story is that the girls abruptly appeared in the room where the others were assembled, and that Della Gary Embry was in a hilarious condition at the time of her appearance. They say that she stated that she had been drinking home-brew, that she was well drunk, that she used language that ought not to be heard in polite society, that she not only danced, but kicked high and bantered the men for a closer contact with them. She invited Odie Allen to take her driving in an automobile, promising him illicit pleasures, or that if she was not in condition to do so that she would see to it that Sis Kirby Johnson "showed him a good time." He testified that he became angry at such conduct, and ordered the girls from his home, at the same time requesting his brother, the appellant, to escort them away. He testified, however, that if his wife had not been present he would not have

become so angry, and that he would have accepted the invitation of Della Gary Embry to take her driving in his automobile.

It is said by counsel for appellant that the evidence is all one way. The witness for appellant denied that there was any fruit jar, or that any of the things happened that Sis Kirby Johnson said happened.

The testimony of Sis Kirby Johnson that appellant had the whisky in his possession was sufficient to take the case to the jury. This was corroborated by the testimony of the sheriff and another witness that the reputation of appellant for observance of the prohibition laws was bad, and by the testimony of the county attorney that Della Gary Embry was drunk a short while after she left the home of Odie Allen. It is true that his evidence was admitted solely for the purpose of establishing that that which she drank, if she drank anything, was intoxicating. In the case of Dunnington v. Com., 231 Ky. 320, 21 S. W. (2d) 471, it was held that where the evidence showed that the person on trial had been convicted for a previous offense, and that he had thereafter sold intoxicating liquors, the evidence was sufficient to take the case to the jury.

It rarely happens that a jury convicts an innocent man when the trial is conducted in accordance with the procedure authorized by the Code. The jury is not required to accept as true any fact because it is testified to by a large number of witnesses, but it may disregard the evidence of many and believe the evidence of few. It is because of the peculiar aptitude of the jury for weighing and evaluating the evidence that courts are slow to set aside a verdict on the ground that it is against the weight of the evidence. In fact, this court will not direct that such be done, except in cases where the verdict is flagrantly against the evidence. It has not been written by this court that the verdict of a jury is flagrantly against the evidence because the jury chose to accept as true the evidence of one, as against the evidence of several. We do not find the verdict flagrantly against the evidence.

Judgment affirmed.