## Lawson v. Commonwealth.

April 21, 1939.

WILLIAM RICE and BERT T. COMBS for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Bent Lawson, was jointly indicted with Taylor England for the murder of Noah Alley. Two continuances were granted, and when the case was finally called for trial, England was confined to bed suffering from a gunshot wound and was unable to be present. The Commonwealth elected to proceed with the trial of the appellant and the suggestion is made that the action of the court in so doing was improper. It was held by this court, however, in the case of Drake v. Commonwealth, 214 Ky. 147, 282 S. W. 1066, that where two or more defendants are jointly indicted, the Commonwealth may be entitled to a severance and a separate trial may be granted on motion of the Commonwealth, or that the court on its own motion may direct a severance.

Appellant was found guilty of voluntary manslaughter and the jury fixed his punishment at 18 years in the penitentiary. From the judgment entered on that verdict he prosecutes this appeal and urges in his brief as grounds for reversal (1) that the court erred in refusing to grant a continuance, and (2) that the jury were not kept together as required by law.

(1) The first ground urged is based on alleged error of the court in refusing a continuance on account of the absence of Taylor England, appellant's co-defendant, who was claimed to be a necessary and material witness. Appellant's affidavit was filed stating what England would testify if he were present, and the Commonwealth agreed for this affidavit to be read as the deposition of that witness.

It has been consistently held by this court that the granting of a continuance in criminal cases is within the sound discretion of the court and that this discretion will not be interfered with unless it has been plainly abused, and where it is not shown that the just effect of the testimony of the absent witness could not be had without his presence in court or where the testimony of the absent witness was merely cumulative with other testimony introduced in defendant's behalf, the refusal

to grant a continuance will not be interfered with. Bowling v. Commonwealth, 148 Ky. 9, 145 S. W. 1126; Howard v. Commonwealth, 192 Ky. 687, 234 S. W. 299; Williams v. Commonwealth, 234 Ky. 729, 29 S. W. (2d) 11. No facts appear in the record warranting the conclusion that the just effect of the testimony of England could not be had without his presence in court. Three eyewitnesses to the killing were introduced by defendant who testified to almost the identical facts appearing in the affidavit showing what England would testify, so that his evidence was merely cumulative. We are of the opinion no error was committed in refusing a continuance on this ground.

(2) The second ground for reversal urged, that the jury were not kept together as required by law, was presented by appellant in his motion for a new trial and an affidavit of one of the jurors was filed in support thereof. This affidavit cannot be considered, as the affidavit of a juror may not be received to impeach the verdict of a jury except on the one ground provided in Section 272 of the Criminal Code of Practice, namely, that the verdict was made by lot. Beard v. Commonwealth, 149 Ky. 632, 149 S. W. 989; Allen v. Commonwealth, 234 Ky. 302, 28 S. W. (2d) 19. However, the court heard evidence on this question which was made a part of the record, and we will therefore consider the facts as developed by this evidence in determining whether or not such a separation of the jury occurred as would warrant a reversal of the judgment.

This evidence is given by a number of the women jurors and by a woman who was a cook at the boarding house where the jury spent two nights during the trial. The six men on the jury were placed in charge of a male guard and the six women in charge of a female guard, and the women jurors in charge of this female guard spent two nights at a private home in Manchester. These women jurors were quartered at night in this private home upstairs in two rooms on opposite sides of a hall and the guard slept in one room with two of the jurors, and the other four slept in the room across the hall. In this hallway the cook slept at night. On one of the nights these jurors and the guard were on the front porch, some at one end of the porch, some in the middle, and one of the women jurors was sitting in a swing at the end of the porch when her husband came up and sat down by her in the swing and talked about

four

five or ten minutes. It appears from the testimony of several of the jurors, however, that the guard was sitting not more than six or seven feet away from the juror and her husband while they were talking and was in a position to hear everything said.

There is more or less separation in the case of every jury required to be kept together under the law, it being a well known fact that it is a matter of practical impossibility to keep all twelve members of a jury in close contact with each other at all times. Where flagrant separations of juries took place, new trials were granted solely and alone on that account, even though it did not appear that anyone attempted improperly to influence any member of the jury. Thacker v. Commonwealth, 63 S. W. 737, 23 Ky. Law Rep. 745; Campbell v. Commonwealth, 162 Ky. 106, 172 S. W. 110. However, as pointed out in Tuggle, et al. v. Commonwealth, 262 Ky. 440, 90 S. W. (2d) 698, the trend of rulings has been towards a liberal application and a construction that a substantial compliance with the statute was sufficient unless there was some fact or circumstance indicating that a juror had been approached or an opportunity afforded to influence him. Barnes v. Commonwealth, 179 Ky. 725, 201 S. W. 318; Wynn v. Commonwealth, 188 Ky. 557, 222 S. W. 955; Adkins v. Commonwealth, 197 Ky. 385, 247 S. W. 26; York v. Commonwealth, 201 Ky. 431, 257 S. W. 38; Shorter v. Commonwealth, 248 Ky. 37, 58 S. W. (2d) 224.

In Williams v. Commonwealth, 276 Ky. 754, 125 S. W. (2d) 221, the jury were kept together three nights at a rooming house in two separate rooms with a door opening between the rooms and a door leading from each of the rooms into a hallway. It was held that this was a substantial compliance with the statute, as there was no intimation or suspicion that anyone attempted to approach the jury improperly. There is little difference between the situation of the jury in the Williams case and in the present case. It is true that in this case the woman cook slept in the hallway, but it is established by her and the other women jurors that no conversation was had with her concerning the case. It is pointed out in Adkins v. Commonwealth, supra, that the affidavits of jurors are sufficient to overcome the burden imposed on the Commonwealth to show that no substantial opportunity was afforded for the jury to be influenced in any way.

In Tuggle v. Commonwealth, supra, the court, in speaking of jury separations, said [262 Ky. 440, 90 S. W. (2d) 700]:

"There must always be kept in mind, particularly on a review by this court involving a discretionary action of the trial judge, the repeated admonition of the statute that a judgment of conviction shall not be set aside or reversed for any error when upon a consideration of the whole case the court is satisfied that the substantial rights of the defendant have not been prejudiced thereby. Sections 271, 340, Criminal Code of Practice."

Looking at the case in this light, we are of the opinion that no such separation of the jury was shown as to justify us in feeling that the substantial rights of the defendant were prejudiced thereby.

The judgment is affirmed.