## Pratt v. Commonwealth.

Feb. 6, 1940.

Leebern Allen, D. Earl Miller and H. L. Rudd for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Bill Pratt, convicted of voluntary manslaughter and sentenced to imprisonment for 10 years, is appealing.

Grounds urged for reversal in substance are (1) that after the case had been submitted to the jury a nephew of one of the jurors was shot and killed within the hearing of the jurors who later learned who had been killed and who was charged with the killing; (2) refusal of the court to continue the case on showing made by appellant; (3) improper and prejudicial remarks by an attorney for the commonwealth in arguing the case with reference to an affidavit filed which was read as the testimony of an absent witness. There is no challenge to the weight or sufficiency of the evidence nor to the instructions given, but briefly stated, the evidence shows that appellant and Stanley Dunn whom he is charged with killing had some trouble a week or so previous to the homicide. The evidence further tends to show that in the trouble leading up to the fatal shooting, deceased was at the outset apparently the aggressor. Both attempted to draw their pistols, but deceased drew his first and pointed it at appellant, however deceased's father who heard the disturbance went to the scene, prevailed upon deceased to abandon the difficulty and go home; that deceased either turned his pistol over to some one present or it was taken from him by such other person and he turned and started away; that he had walked three or four steps when appellant drew his pistol and fired two or three shots, one at least of which entered deceased's back, resulting in his death within a short time. It will therefore be seen that regardless of who in the beginning provoked the difficulty, there is evidence to indicate that deceased had abandoned it and was walking away unarmed when he was shot. One of the two witnesses introduced by appellant, and who

were present at the scene, corroborated the witness for the commonwealth on this phase of the case. So far as the record discloses the matter of the killing of the nephew of a juror that occurred in Campton during the deliberation of the jury was first brought to the attention of the court in appellant's motion and grounds for new trial. It is urged in brief for the commonwealth that this ground may not be considered by the court because it is only set out in the motion and grounds for new trial and does not appear in the bill of exceptions. Authorities are cited which support such contention, however, we note that the bill of exceptions does refer to and make the motion and grounds for new trial a part of it. While it is set out in the motion and grounds for new trial that the shooting occurred within the hearing of the jurors who heard the screams of relatives of the man who had been shot, the affidavit of four jurors which is filed in support of that ground merely states that the jurors learned that Carl Reynolds had been shot and killed in the town of Campton and they heard one of the members of the jury say that the man killed was his nephew and later learned who was charged with the killing.

It is urged in brief for the commonwealth that an affidavit of jurors may not be used to impeach their verdict, and Allen v. Commonwealth, 234 Ky. 302, 28 S. W. (2d) 19, and other cases are cited which hold in effect that while the affidavit of a juror cannot be received to impeach a verdict or the conduct of jurors, it is admissible to support a verdict when an attempt is made to impeach it by other evidence. There is, however, an exception to the rule but it has no application in this instance and wholly apart from that question, the killing referred to occurred on Sunday afternoon and the jury did not render their verdict until sometime Monday morning. There is no showing that appellant and his counsel did not know of this incident and the natural inference is that they did and with that knowledge permitted the case to proceed to the verdict without calling the court's attention to it. In such circumstances and in the absence of any showing that the jury was in any way influenced by this incident, this court would not be authorized to disturb the verdict on that ground.

Concerning the second ground it may be said that

the record only shows the following order, "Comes the defendant and files affidavit herein," and this is followed by an affidavit as to what an alleged absent witness would state. There is no showing that the motion for continuance was made or that there was any agreement concerning the reading of the affidavit as the evidence of the absent witness and there was no ruling on a motion for continuance. On the other hand the record shows that the case was by agreement of parties set for trial on the day on which it was called. The affidavit was defective and insufficient in that it did not state that the absent witness was absent without procurement or consent of appellant. St. Clair v. Commonwealth, 245 Ky. 730, 54 S. W. (2d) 1; Belcher v. Commonwealth, 216 Ky. 126, 287 S. W. 550. In the state of the record argument that prejudicial error was committed in this particular is untenable.

The principal complaint of the argument made by an attorney for the commonwealth relates to an alleged statement of an attorney concerning the affidavit read as the testimony of the absent witness in which he is alleged to have said, "That the defendant read an affidavit here to the jury as the testimony of an absent witness, and that witness was not here at all and you don't know what he would state." If in fact this evidence was read as the evidence of the alleged absent witness, there is no showing in the record concerning any agreement or understanding concerning its reading, and as indicated in the discussion of the second ground, there was no order showing a ruling on appellant's motion for continuance or that such motion was overruled with an understanding that the affidavit might be read as the evidence of the absent witness.

On the whole it is our conclusion that appellant failed to manifest any error prejudicial to his substantial rights, and the judgment should be and is affirmed.