## Bowling v. Commonwealth.

Jan. 17, 1941.

James C. Clay for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Vess Bowling, has been convicted of the crime of voluntary manslaughter, and sentenced to confinement in the state penitentiary for a term of five years.

Bowling shot and killed Roscoe Howard in the Peoples Hotel in Morehead, Kentucky, on October 3, 1939. Howard rented a room on the second floor of the hotel about 5 o'clock in the afternoon. About fifteen or twenty minutes later appellant went to the hotel and walked to the second floor. He and his wife had separated and Mrs. Bowling had been employed a few days before the homicide by Mrs. Flora Hicks, owner of the hotel. Appellant admitted that a friend informed him that Howard had gone to the hotel to meet Mrs. Bowling, but he denied that this information influenced his conduct. He testified that he went to the hotel to consult an attorney about obtaining a license to sell beer. The attorney's office was on the second floor and, as he approached the office, he heard voices in room No. 8. He recognized his wife's voice, opened the door, and discovered Howard and Mrs. Bowling in bed. Howard jumped up and grappled with him and he shot Howard believing that the latter was about to cut or shoot him. The evidence for the Commonwealth tended to show that appellant entered room No. 7, adjoining room No. 8, unlocked the connecting door with a skeleton key, and shot Howard while he was trying to escape. Howard's body was found near the bottom of the rear stairway leading to the ground floor. This stairway was 25 or 30 feet from the door entering room No. 8. Howard had been shot twice. One bullet entered his left side and lodged in his right hip, and one entered his back and passed through his body near his heart. The only weapon found on the deceased was a small knife. It is not contended that the evidence is insufficient to sustain the verdict.

Appellant complains of the instructions and particularly instruction No. 1 because his right of self-defense is not properly presented. The instructions are identically the same, except the names of the accused and the deceased, as the instructions on murder and voluntary manslaughter set out in Stanley's Instruc-

tions to Juries, page 1148, and have been approved many times by this court. They aptly submitted to the jury the law of the case. The jury could not convict appellant under the instructions if they believed from the evidence that in shooting Howard he acted in his necessary, or to him apparently necessary, self-defense.

Appellant complains of certain evidence showing that he had fired a pistol on a previous occasion. An objection to this evidence, however, was sustained and the court admonished the jury not to consider it. There was no prejudicial error under the circumstances. Appellant in his brief states that the Commonwealth's attorney referred to this evidence in his argument to the jury, but if such reference was made it is not contained in the bill of exceptions and it is not made a ground for a new trial.

One of the grounds relied upon in the motion for a new trial was alleged misconduct of the jury. The affidavit of Stella Gearheart was filed in support of the motion for a new trial. She stated that a member of the jury came to her home on the day of the trial about 8 or 9 o'clock in the morning. He had a pint bottle of whisky and appeared to be under the influence of liquor. She saw him later after the jury had been selected, and he then appeared to be under the influence of liquor. Two other affidavits to the same effect were filed. Affidavits also were filed in which the affiants stated that the jury were permitted to separate after the case had been submitted to them and after they had been placed in the custody of the sheriff, and that one juror played a game of pool and he and other members of the jury had opportunities to talk to outsiders in the poolroom. Oral testimony was heard by the court. The Commonwealth introduced several witnesses to controvert the affidavits filed by the defendant. The affiants who stated that a member of the jury was under the influence of liquor during the trial were thoroughly impeached, and a number of witnesses testified that the juror was sober. Two deputy sheriffs and other witnesses who were in the poolroom while the jury were there testified that the members of the jury were kept together and in the presence of the sheriff or deputy sheriff having them in charge. One of the jurors did play one or more games of pool, but the other members of the jury were around the pool table and one of the deputy sheriffs sat at the

end of the table while the games were played. Two jurors testified that no member of the jury was under the influence of liquor during the trial, and that there was no separation after submission of the case.

Testimony of jurors will not be received to impeach a verdict or to impeach a fellow juror's conduct, but is admissible to support a verdict. Criminal Code of Practice, Section 272; Lawson v. Commonwealth, 278 Ky. 1, 127 S. W. (2d) 876; Lassiter v. Commonwealth, 249 Ky. 352, 60 S. W. (2d) 937; Wolf v. Commonwealth, 214 Ky. 544, 283 S. W. 385; Gleason v. Commonwealth, 145 Ky. 128, 140 S. W. 63, Ann. Cas. 1913B, 757. The trial court found that there was, in fact, no separation of the jury or, at least, none that would violate the rule requiring the members to be kept together, and we think the proof fully supports the finding that no opportunity had been afforded for the exercise of improper influences on any member of the jury.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.