John Henry JONES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 13, 1970.

C. Thomas Greene, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

On April 29, 1968, in the Fayette Circuit Court, John Henry Jones was found guilty of rape and armed robbery under two separate counts of indictment. His punishment was fixed at confinement in the penitentiary for life without parole as to the rape charge and confinement for life on the other, the sentences to be served concurrently. Jones perfected an appeal to this court which has been assigned File No. F–41–68, and which is presently pending.

On March 7, 1969, after the appeal had been perfected, Jones filed a motion in the Fayette Circuit Court asking that the verdict be set aside and a new trial granted to him on the ground that the jury considered matters not in evidence during its deliberations. An affidavit of one of the jurors was filed with the motion, the pertinent portion of which recited:

"(3) That he was personally unaware of any previous convictions or pending charges against the Appellant, John Henry Jones, prior to the jury retiring to the jury room to consider the case, but that while said jury was in the jury room deliberating the case, two or more of the jurors interjected into the discussion that there was then pending against the Appellant, John Henry Jones, several other criminal charges.

"(4) That he does not now recall the names of these jurors, nor if the nature of the other criminal charges were discussed.

"(5) That the knowledge of these other criminal charges against the Appellant, John Henry Jones, was considered and influenced the jury's decision as to the severity of the sentence imposed."

The trial court granted a hearing and received as evidentiary material the juror's affidavit. It appears that the juror is now deceased and was too ill to appear in person at the hearing in the trial court. No countervailing affidavit or other evidentiary material was offered. After considering the affidavit and hearing arguments of counsel, the trial court overruled the motion to set aside the verdict and grant a new trial. It is from that ruling of the court that the present appeal (designated by File No. V–103–69) is prosecuted.

The Commonwealth notes that RCr 10.04 specifically provides:

"A juror cannot be examined to establish a ground for a new trial, except to establish that the verdict was made by lot."

The appellant recognizes the existence of that rule, but contends that to apply it in a case of this type would render the rule unconstitutional. Appellant directs attention

to the fact that Jones had been indicted on charges arising from eight separate incidents and the trial court had sustained his motion that he have separate trials as to each. It may be conceded that a prime motive for the trial court's granting of separate trials was to avoid the prejudicial impact of such a multitude of criminal charges against the accused. From this appellant reasons that prejudicial error occurred when the jury considered the fact of Jones' having other criminal charges pending against him. Citing Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892); Butler v. United States (8 C.A.) 317 F.2d 249; and State v. Kociolek, 20 N.J. 92, 118 A.2d 812, 58 A.L.R.2d 545, the appellant insists that the trial court properly received the juror's affidavit despite the provisions of RCr 10.04. We are not persuaded that appellant has presented any irregularity in his trial as would be deemed an unconstitutional denial of due process.

In 58 A.L.R.2d at page 559, it is written:

"The difficulties involved in reconciling the right of an accused to have his guilt decided solely on the evidence presented in open court with the interest of society in terminating litigation at some reasonable point and especially in protecting the deliberations of juries from supervision and inquisition present a Gordian knot of policy considerations which most of the courts have severed by the Alexandrian stroke of merely holding inadmissible evidence of what went on in the jury room, at least where a juror is himself the source, direct or indirect, of such evidence. And most of the courts which have considered the problem have applied this blanket rule of exclusion to the situation where reversal is sought on the basis of a juror's affidavit or testimony that one of the jurors, during the course of the jury deliberations, has in effect made himself a witness in the case by making statements to his fellow jurors as to matters,

not otherwise in evidence, which can be said to affect the issues."

In the annotation at 58 A.L.R.2d 556, this jurisdiction is listed among the several applying the broad general rule against a juror's impeaching his own verdict. Barnes v. Lucas, Ky., 249 S.W.2d 778; 6B Kentucky Digest, Criminal Law, ⬳957(1). We adhere to that principle. In our view the affidavit of the juror was inadmissible. It follows that the court was correct in denying the motion, albeit upon a different ground.

The judgment in the appeal of John Henry Jones v. Commonwealth of Kentucky, File No. V–103–69, is affirmed.

All concur.