**Jesse James GRACE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 30, 1970.

Jessie Horn, Sam Ward, Hazard, for appellant.

John B. Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, Tolbert Combs, Commonwealth Atty., Hazard, for appellee.

STEINFELD, Judge.

Jesse James Grace was found guilty of voluntary manslaughter and was sentenced to serve ten years in the state penitentiary. From that judgment he appeals claiming that the verdict is contrary to the evidence and that it was not unanimous. We affirm.

About 8:30 p. m. on October 1, 1969, Billy Grace, father of Jesse, picked up Denver Spencer and then he had trouble getting him out of his car. Upon arriving at his home after that incident Billy drove his two sons, Jesse and Odean, toward the residence of their ill grandfather with whom they were to stay that night. They encountered Spencer standing in the road

with a shotgun, which he pointed toward the automobile and after using profanity said, "I'm looking for you." Billy stopped the car then drove on unaware that Jesse had alighted from it.

Shortly thereafter shots were heard at the nearby residence of Herman Huff. Mr. and Mrs. Huff testified that they heard Spencer hollering "Herman, Herman, Herman, * * * Let me in, don't shoot me." Immediately they heard a gun fire. Spencer was killed by shotgun pellets on Huff's front porch as he was attempting to enter the residence. A police officer and Jesse's father testified that Jesse admitted he killed Spencer.

Jesse testified that Spencer had a gun pointed at him and said he was going to kill him and that he fired in the belief that his life was in danger. His counsel argues that there is no evidence to the contrary therefore the verdict is contrary to the evidence and cannot stand. In Hatton v. Com., Ky., 412 S.W.2d 227 (1967), and in Taylor v. Com., Ky., 432 S.W.2d 805 (1968), it was contended the evidence did not show that the defendant in those cases did not act in self-defense. We held that there was " * * * sufficient circumstantial evidence to place in issue the critical question of self-defense, * * *". In Holcomb v. Com., Ky., 280 S.W.2d 499 (1955), the defendant admitted the killing, but claimed self-defense just as the appellant did here. In the cited cases we announced that where a defendant makes out a prima facie case of self-defense, and there is evidence tending to disprove his testimony as there is here, even though that evidence is circumstantial, the issue must be submitted to the jury.

One of the jurors made an affidavit, filed by appellant, in which she stated that she had not agreed to the verdict. The record shows that when the jury was polled she nodded affirmatively that she concurred in the verdict. She explains her action as follows:

"One of the jurors, John X. Begley, was sitting next to me, and handed me paper and asked me to writ the verdict for the jury. He told me what to write and I put down his words. He then told me to go ahead and sign it on behalf of the jury, which I did, not realizing that it implied that I agreed with the verdict.

"When we returned to the court room, the verdict was read and the jury polled. When I was asked if the verdict given was mine, I thought the Judge meant 'did I write it' and answered yes. I did not understand him to mean 'Did I agree with the verdict?' I did not at any time agree with the verdict and was only acting as agent for the remaining jurors when I wrote it and signed it."

Appellant argues that this juror was serving on her first jury, was unfamiliar with the procedure and that the verdict was not unanimous. RCr 10.04 states "A juror cannot be examined to establish a ground for a new trial, except to establish that the verdict was made by lot." It has long been held that a juror may uphold his verdict but may not impeach it. Bowman v. Com., 284 Ky. 103, 143 S.W.2d 1051 (1940); Grider v. Com., Ky., 398 S.W.2d 496 (1966) and Howard v. Com., Ky., 240 S.W.2d 616 (1951).

RCr 10.04 was discussed in Jones v. Com., Ky., 450 S.W.2d 812 (1970), in which we reaffirmed our previous holdings and we said that it was improper for the trial court to receive the juror's affidavit stating that matters not in evidence were considered. In Howard v. Com., Ky., 240 S.W.2d 616 (1951), a juror made affidavit that she did not agree to the verdict but admitted that when asked by the court if the verdict was hers she answered "I reckon it is". We rejected the claim that the verdict was void as we do here.

The judgment is affirmed.

All concur.