French v. Commonwealth.

CASE 10—INDICTMENT—OCTOBER 22.

# French v. Commonwealth.

100    63
f104 110

*APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.*

1. PRACTICE IN CRIMINAL CASES—SEPARATION OF JURORS.—The provision of section 244 of the Criminal Code that "on the trial of offenses which are or may be punished capitally, the jurors, after they are accepted, shall not be permitted to separate," is only modified by the provisions of section 251 of the Criminal Code to the extent that such separation may be had when required by accident or other cause of such an imperative character as would be the sickness of a juror, and the mere convenience or comfort of a juror does not furnish such a cause.

2. SAME.—And where there is such cause for separation within a fair construction of the law, it must be shown clearly by the State that no opportunity was offered for the exercise of improper influences on the juror.

WILSON & GOLDSMITH FOR APPELLANT.

1. The affidavit of a juror is not admissible for the purpose of purging his conduct of the imputation of impropriety.    Taylor v. Geiger, Hardin, 558; People v. Hunt, 5 Cal., 275; Ogden v. State, 26 Miss., 78; Wharton's Crim. Law, sec. 3328.

2 On the trial of offenses which are or may be punished capitally, the jurors after they are accepted shall not be permitted to separate.    Sections 244, 247 and 251, Criminal Code of Practice; State v. Murray, 91 Mo., 95; Woods v. State, 53 Miss., 368; Pfeiffer v. Com., 15 Penn. St. Rep., 470; Robinson v. State, 30 Texas, 459; Wiley v. State, 1 Swan's Rep. (Tenn.), 256; Irwin v. State, 14 Ind., 589; State v. Populus, 12 La. Ann. Rep., 711; Conn v. McCaul, 1 Virginia Cases, 271; Wesley v. State, 11 Humphrey, 502; People v. Backus, 5 Cal., 272; McQuillen v. State, 8 S. & M., 596; Organ v. State, 26 Miss., 83; McLean v. State, 10 Yerger, 241; Wharton Crim. Law, secs. 3283-3305; Clark's Crim. Procedure, pages 474-480; Jumpertz v. People, 21 Ills., 375; Com. v. Shields, 2 Bush, 281.

3. A new trial should have been granted on account of the new and important evidence discovered for the first time after the verdict.    Greenleaf on Evidence, vol. 1, sec. 2; Wharton on Crim. Law, vol. 3, secs. 3334-3358, Crim. Code, sec. 271, sub-sec. 6.

W. S. TAYLOR FOR APPELLEE.

1. The juror Nanz was permitted by the Court to separate from the other jurors, while in the custody of a deputy sheriff, and no

effort is made to show that he was tampered with or that any such attempt was made; on the contrary it is shown affirma-tively by the affidavits of the deputy sheriff and the juror that nothing improper occurred during the separation.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT:

While the accused was on trial for murder, and after the final submission of the case to the jury, one of the jurors was allowed, under the verbal assent of the trial judge and in company with a deputy sheriff, to go to his place of business, some blocks away, in the city of Louisville, for the purpose of closing his house. The other eleven were taken to their hotel, to which place in some twenty minutes the deputy and the juror returned, having gone in the meantime to the juror's house and also to the "Pendennis Club."

Upon ascertaining these facts on the following morning, and before the verdict was returned, a motion was made to discharge the jury. It was overruled, and a verdict of guilty returned. Whether this separation is such an error as demands a reversal of the judgment is the sole question presented on this appeal.

Section 244 of the Criminal Code provides that "on the trial of offenses which are or may be punished capitally, the jurors, after they are accepted, shall not be permitted to separate, but shall be kept together, in charge of the proper officers. On the trial of other felonies the jurors, before the case is submitted to them, may be permitted to separate, in the discretion of the court; but after the case is submitted they shall be kept together in charge of an officer. On the trial of misdemeanors the jurors may be permitted to separate at any

time until finally discharged, or the court may order them to be kept together."

It is seen that on the trial of capital offenses the provision is explicit that the jurors, after acceptance, shall not be permitted to separate, but shall be kept together, and the only provision which even looks toward an exception or modification is found in section 251, Criminal Code, which is as follows: "If, after retirement, one of the jurors become so sick as to prevent the continuance of his duty, or other accident or cause occur, preventing them being kept together, or if, after being kept together such a length of time as the court deems proper, they do not agree in a verdict, and it satisfactorily appear that there is no probability they can agree, the court may discharge the jury; or if the sickness of a juror be temporary, the court may permit him to separate from the other jurors, and may place him in charge of an officer, or not, in its discretion."

We are not disposed to so construe this section as to prevent the court, by order of record made in the presence of the accused and his counsel, from permitting a separation when required by the sickness only of a juror.   A fair construction would be to allow it when such separation is required by accident or other cause of such an imperative character as would be the sickness of the juror.   Certainly the mere convenience or comfort of a juror ought not to be held to furnish such a cause.

This safeguard of the ancient law, alike vitally important to the State and to the accused, must not be im-

paired or frittered away. Manifestly the occasion here furnishes no cause for the separation within a fair construction of the law; and, if it did, it must yet, in all cases of separation, be shown clearly by the State that no opportunity has been afforded for the exercise of improper influences on the juror. The explanations offered here for traveling about the street are indefinite, if not evasive.

It is proper to say that no actual wrong or evil motive is imputed to the juror or deputy in this case.

For the reasons indicated the judgment is reversed and a new trial ordered to be awarded.