## Campbell v. Commonwealth.

(Decided January 13, 1915.)

Appeal from Perry Circuit Court.

1. New Trial—Capital Offense—Trial for—Separation of Jury—When Ground for New Trial.—Where on the trial of the accused under an indictment for murder, the officer in charge of the jury left eleven of them at night, unattended and unguarded from intrusion, in the room of the house where they were boarded, and took the twelfth juror to a drug store two or three hundred yards distant, and permitted him to remain there long enough to purchase and eat ice cream, before returning with him to the eleven jurors at the boarding house; and on yet another occasion, in conducting the jury to their boarding house, during a recess of the court, permitted a juror to straggle at a distance of eight feet behind the other eleven and hold a conversation with an outsider, not in the presence or hearing of the latter, these derelictions of duty on the part of the latter caused such a separation of the jury as to entitle the accused to a new trial.

2. New Trial—Opportunity for Interference With Jury—What Commonwealth Must Show.—Where a separation of the jury has been allowed by the officer in charge of them, the court, trying the case, cannot afford to speculate as to what might or might not have been done by evilly disposed persons to improperly influence the verdict of the jury. In such case it devolves upon the Commonwealth to show that such separation gave no opportunity for the exercise of improper influences on them.

E. E. HOGG, J. E. JOHNSON and T. J. EVERSOLE for appellant.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Settle—Reversing.

On the 6th day of September, 1913, the appellant, Green Campbell, a resident of Perry county, shot and killed Green Morris in that county. At the succeeding term of the Perry Circuit Court he was indicted for the homicide, the crime charged being murder. His trial occurred at a subsequent term of the court and resulted in a verdict finding him guilty of voluntary manslaughter, following which, by indeterminate sentence and judgment of the court, his punishment was fixed at confinement in the penitentiary not less than two nor more than twenty-one years. From that judgment and the refusal of the circuit court to grant him a new trial he has appealed.

The grounds urged for the new trial and now relied on for a reversal of the judgment of conviction are: 1. The verdict of the jury was flagrantly against the evidence. 2. The court did not properly instruct the jury. 3. The court erred in overruling appellant's motion and grounds for a new trial. The third of these grounds will first be considered.

It is insisted for appellant that the court should have granted him a new trial because of the misconduct of K. C. Combs in permitting the jury to be separated and one of them to be talked to apart from the others, while in his charge. It appears from the record that by agreement of appellant and the Commonwealth Combs was sworn and placed in charge of the jury after it was accepted and sworn, and, although both he and the jury were by the court given the proper admonition required in such a case, it appears from affidavits that were filed in support of the motion and grounds for a new trial that on one occasion, during the trial and at night while the court was not in session, Combs, after taking the jury to the house where they were boarded, left eleven of them in a room thereof, unguarded and unsecured from intrusion, and himself took the twelfth juror, Clark Gay, to a drug store two hundred or three hundred yards distant from the boarding house, where Gay was permitted to purchase a saucer of ice cream and remain in the drug store long enough to eat it, following which Combs returned with him to the boarding house, where they rejoined the other eleven jurors. It also appears from another of the affidavits that on yet another occasion during the trial and while Combs had charge of

the jury and was conducting them to their boarding house, one of the jurors, who was walking about eight feet behind the other eleven, was joined by another man, not of the jury and unknown to the affiant, who walked by his side for some distance and appeared to engage him in conversation.

A counter-affidavit from Combs was filed, in which he admitted leaving eleven of the jurors in a room of the boarding house unattended, while he accompanied Gay, the twelfth juror, to the drug store, where they remained long enough for Gay to purchase and eat the ice cream, after which they returned to the other eleven jurors at the boarding house. Combs' affidavit contained the further statement that he and Gay were not away from the boarding house exceeding five minutes, and that at no time during their absence therefrom was Gay approached or talked to by any one about appellant's trial, or on any subject connected with the case.

We think it patent, however, that Combs labored under a mistake as to the time he and Gay were absent from the boarding house, for it is improbable that they could have walked the distance of two or three hundred yards, remained in the drug store long enough for the ice cream to be purchased and eaten by Gay, and then returned the same distance to the boarding house, in five minutes' time. Be this as it may, the facts disclosed by the affidavits filed in appellant's behalf and those admitted by Combs' affidavit show a separation of the jury and that Combs' custody of them was so lax as to afford opportunities for them to be approached and corruptly or otherwise improperly influenced by outsiders. One of these opportunities was given the unknown person, who, by reason of Combs' inattention to his duties, was seen to walk and converse with a juror straggling in the rear of the other eleven. Another opportunity for interference with the jury was given when he left eleven of them unguarded at the boarding house while he and Gay visited the drug store. It is not material that the opportunities referred to were not shown to have been taken advantage of. Courts of justice cannot afford to speculate as to what might or might not have been done by evilly disposed persons in improperly influencing the verdict of the jury under such circumstances. Where, in a case involving a capital offense, a separation of the jury, in charge of an officer of the court, has occurred, it

devolves upon the Commonwealth to show that such separation gave no opportunity for the exercise of improper influence on them.

In French v. Commonwealth, 100 Ky., 63, the facts were quite similar to those of the instant case. The accused was on trial for murder and following the submission of the case to the jury, a juror was permitted by the verbal assent of the trial judge, and in charge of a deputy sheriff, to go to his place of business in the city of Louisville, some blocks away from the courthouse, for a purpose necessary to his business. About twenty minutes later the juror, in charge of the deputy, returned to the other eleven jurors at the hotel to which they had been taken. The accused, upon ascertaining these facts upon the following morning, and before the jury returned a verdict, made a motion to discharge the jury. The motion was overruled and a verdict of guilty returned. On appeal we held that this separation was such an error as compelled a reversal of the judgment. In the opinion it is said:

"Section 244 of the Criminal Code provides that 'on the trial of offenses which are or may be punished capitally, the jurors, after they are accepted, shall not be permitted to separate, but shall be kept together, in charge of the proper officers. On the trial of other felonies the jurors, before the case is submitted to them, may be permitted to separate, in the discretion of the court; but after the case is submitted they shall be kept together in charge of an officer. On the trial of misdemeanors the jurors may be permitted to separate at any time until finally discharged, or the court may order them to be kept together.' It is seen that on the trial of capital offenses the provision is explicit that the jurors, after acceptance, shall not be permitted to separate, but shall be kept together, and the only provision which even looks toward an exception or modification is found in Section 251, Criminal Code, which is as follows: 'If, after retirement, one of the jurors become so sick as to prevent the continuance of his duty, or other accident or cause occur, preventing them being kept together, or if, after being kept together such a length of time as the court deems proper, they do not agree in a verdict, and it satisfactorily appear that there is no probability they can agree, the court may discharge the jury; or if the sickness of a juror be temporary, the court may permit him to sepa-

rate from the other jurors, and may place him in charge of an officer, or not, in its discretion.' We are not disposed to so construe this section as to prevent the court, by order of record made in the presence of the accused and his counsel, from permitting a separation when required by the sickness only of a juror. A fair construction would be to allow it when such separation is required by accident or other cause of such an imperative character as would be the sickness of the juror. Certainly the mere convenience or comfort of a juror ought not to be held to furnish such a cause. This safeguard of the ancient law, alike vitally important to the State and to the accused, must not be impaired or frittered away. Manifestly the occasion here furnishes no cause for the separation within a fair construction of the law; and, if it did, it must yet, in all cases of separation, be shown clearly by the State that no opportunity has been afforded for the exercise of improper influences on the juror. The explanations offered here for traveling about the street are indefinite, if not evasive. It is proper to say that no actual wrong or evil motive is imputed to the juror or deputy in this case.''

It is true that in numerous other cases this court has held that where there has been a separation of the jury, even in a capital case, it was without jurisdiction to review the ruling of the circuit court in refusing the accused a new trial for that cause, where the separation of the jury was first brought to the attention of that court on motion for a new trial. Brown v. Commonwealth, 122 Ky., 626; Howard v. Commonwealth, 118 Ky., 1; Curtis v. Commonwealth, 23 R., 267; Vinegar v. Commonwealth, 104 Ky., 106; Kennedy v. Commonwealth, 14 Bush, 340. But this was because such jurisdiction was expressly denied by Section 281, Criminal Code. Now, however, under that section, as amended by the act of March 23, 1910 (Acts 1910, page 269), the rulings of the circuit court on motions for a new trial' are subject to exceptions, and any error of that court in refusing a new trial, moved for on the ground we are now considering, even though first brought to the attention of the circuit court on the motion for a new trial, may be reviewed by this court. Wilson v. Commonwealth, 140 Ky., 1; Commonwealth v. Harris, 147 Ky., 702; Blanton v. Commonwealth, 147 Ky., 812; Collins v. Commonwealth, 143 Ky., 60; Gleason v. Commonwealth, 145 Ky., 128; Miracle v. Commonwealth, 148 Ky., 253.

If correct in the conclusion that the ruling of the circuit court in refusing appellant a new trial, because of the separation of the jury under the circumstances manifested by the evidence, was prejudicial error, it necessarily follows that the judgment appealed from must be reversed upon that ground; and with respect to the first ground urged for a reversal, without expressing an opinion as to the weight or effect of the evidence, it is sufficient to say that upon another trial it will authorize the submission of the case to the jury. As to the complaint made in the second ground for a reversal, we deem it only necessary to say that, in our opinion, the instructions given on the last trial are free from objection, and that they, on the whole, advised the jury of all the law applicable to this case.

For the reasons indicated the judgment is reversed and cause remarded for a new trial consistent with the opinion.