## Gay v. Commonwealth.

December 17, 1946.

S. E. Duff for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

Upon conviction of manslaughter, appellant was sentenced to serve five years and one day in the State Reformatory. For reversal of the judgment, he contends that the Court erred in overruling his motion for a new trial (1) upon the ground of newly discovered evidence, and (2) upon the ground that one of the jurors separated from the remaining members of the panel during the trial. Since we have concluded the judgment must be reversed because of the separation of the jury, it is unnecessary for us to discuss the alleged error in respect to newly discovered evidence.

In the course of the trial and while the Commonwealth's Attorney, the defense attorney, and the trial Judge were in consultation concerning an interlocutory

motion, one of the jurors departed from the courtroom. A deputy sheriff discovered his absence and after speaking to another member of the panel commenced a search for the absent juror, and a short time thereafter escorted him back to the jury box. The attorney for the defense did not learn of the separation until after the trial was over; he then incorporated these facts as a ground for a new trial, and in support thereof filed the affidavit of a bystander. The affidavit did not state the length of time the juror was separated from the remainder of the panel, but the Commonwealth's Attorney did not file a counter-affidavit, or an affidavit explaining or attempting to show that the juror had not been communicated with, or facts from which such an inference could be drawn.

In an unbroken line of decisions this Court has construed Section 244 of the Criminal Code of Practice, and held that, in the absence of an agreement or waiver on the part of the defendant, where a separation of a jury occurs it is incumbent on the Commonwealth to show clearly that no opportunity has been afforded for the exercise of improper influence on the juror who has separated from the remaining members of the panel. The author of the brief for the Commonwealth contends that the juror's absence was of such short duration as to preclude the possibility of improper influence. But there is nothing in the record to show how long the juror was absent; if it were a mere momentary absence, it was incumbent upon the Commonwealth to establish that fact. The only burden resting upon the defense in the matter under consideration is to show a separation occurred. The principle is discussed at length in Adkins v. Commonwealth, 197 Ky. 385, 247 S. W. 26, wherein many cases are cited and quoted which fully establish the rule. In some of the cases the Commonwealth met the burden imposed upon it; and in each such case the Court held the separation was not prejudicial to the rights of the accused. But in those wherein the Commonwealth failed to meet the burden, the errors were held to be prejudicial and the judgments reversed. In this case the Commonwealth did not meet the burden imposed upon it; for which reason we are constrained to hold that the Court erred in overruling the motion for a new trial.

Finally, it is insisted that the question may not be raised for the first time in a motion for a new trial; but

574

that rule is not applicable where the accused has had no opportunity to except earlier. Vinegar v. Commonwealth, 104 Ky. 106, 46 S. W. 510, 20 Ky. Law Rep. 412, and cases therein cited.

The judgment is reversed, with directions that appellant be granted a new trial.