## Adams v. Commonwealth.

May 31, 1949.

Francis M. Burke for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This is an appeal from a judgment sentencing Jody Adams to life imprisonment for wilful murder. One of the grounds urged for a reversal is that there was a separation of the jury in contravention of Section 244 of the Criminal Code of Practice. Being of the opinion that the judgment must be reversed on this ground, we shall confine our consideration of the case thereto.

Adams, who was a constable of Letcher County, shot and killed Howard Polly. For several hours before the shooting Adams had been with Polly and Hester Combs and her small daughter. There is some evidence that all the parties were drinking. Polly and his companions left Adams at the Hot Spot Inn in Letcher County. In a short while Polly and Hester Combs returned and an argument started between Adams and Polly about the Combs woman. The appellant's version of the shooting was that Polly had his gun drawn when he entered the room and, as he made an effort to disarm him, he, Adams, fell to the floor and shot Polly after Polly had fired at him. The Commonwealth's version of the shooting was that Adams shot Polly without provocation upon his return to the Inn.

The trial was begun on July 15, 1948. Before adjournment on the next day the Commonwealth had presented substantially all of its evidence. The jury was placed in charge of a deputy sheriff. As the members of the jury were returning to the courthouse one of them, Wes Caudill, got ahead of the others and mingled with a crowd in the court room. A meeting of coal operators was being held in the courthouse. The estimates of the crowd ranged from 250 to 300 persons. There is conflicting proof as to the length of time Caudill was separated from the other members of the jury, but it is safe to say that it was some five minutes before the deputy sheriff located him. The officer did not discover Caudill's absence until he had taken the other members of the jury back to the jury room. While that officer was in search of Caudill the other members of the jury were left unattended. There is testimony showing that Caudill had practically crossed the court room twice before he sat down on a bench where he was found. When

asked by the deputy where he had been, Caudill replied that he was "lost." It was shown, however, that he had served on a jury previously and was not unacquainted with the procedure of a trial and the duties of a juror. There is no evidence showing that anyone spoke to Caudill or the other members of the jury during the separation. It is obvious, however, that there was ample opportunity for this to have happened.

The first sentence of Section 244 of the Criminal Code of Practice provides:

"On the trial of offenses which are or may be punished capitally or by life imprisonment the jurors after they are accepted, if all of the same sex, shall not be permitted to separate, but shall be kept together, in charge of the proper officers."

Numerous cases have been before this Court on the separation of a jury. Questions relating to the manner in which the separations occurred, the duration of time of the separations, and other circumstances must always be considered in the light of the facts attending each case. The decisions of this Court, however, have followed generally the rule that a prejudicial error has been committed in cases of jury separation where there has been sufficient opportunity afforded for the exercise of improper influence on one or more jurors. In the case of the separation of a jury the burden falls upon the Commonwealth to show that the separation gave no opportunity for the exercise of improper influence. French v. Commonwealth, 100 Ky. 63, 37 S. W. 269, 18 Ky. Law Rep. 574; Campbell v. Commonwealth, 162 Ky. 106, 172 S. W. 110; Lawson v. Commonwealth, 278 Ky. 1, 127 S. W. 2d 876; Gay v. Commonwealth, 303 Ky. 572, 198 S. W. 2d 308.

When the facts and circumstances in the case under consideration are viewed in the light of the foregoing rule, it seems obvious that ample opportunity existed for improper influence to have been exercised upon the jury in violation of Section 244 of the Criminal Code of Practice.

For the reasons given the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.