## Wells v. Commonwealth

June 23, 1950.

A. J. Bratcher, Judge.

Earl F. Martin for appellant.

A. E. Funk, Attorney General, John B. Browning, Assistant Attorney General, for appellee.

JUDGE CAMMACK—Reversing.

Frank Wells was charged with willful murder. He was found guilty of voluntary manslaughter and sentenced to prison for three years. He is urging a number of grounds for reversal of the judgment but we shall confine our consideration of the case to the ones discussed hereinafter.

Wells, who was town marshal of Fordsville, shot and killed Hobart Fentress on the night of February 22, 1949. There is evidence that some time before the shooting Fentress had been drinking. When Fentress, with several companions, left a restaurant in Fordsville, he was followed by the marshal. Upon accosting Wells as to the reason for the following, some words passed between the two and Wells attempted to arrest the deceased. According to the testimony for Wells, Fentress made an attack upon him and he attempted to defend himself with a blackjack, whereupon the deceased grabbed the blackjack and grappled with him. In order to scare and subdue the deceased, the marshal said he fired three shots into Fentress' leg. Wells then attempted to assist Fentress in standing up and while he was doing this, Wells claims that Fentress grabbed him by the throat, pulled him down to the ground and proceeded to choke him. All the witnesses agree that there was a tussle and that both parties rolled approximately half way across the street. Wells said that Fentress was choking off his wind and everything was beginning to turn black and that he fired two more shots into Fentress' body.

Wells complains that the lower court erred in permitting Ephus Embry and Dorothy Kirk to testify concerning words which they heard spoken at the time the shots were fired. Neither of these witnesses saw the conflict. With regard to the testimony of Embry, we find no error in permitting it to be introduced inasmuch as he testified that the words came from the same location as the shots. Furthermore, the words testified to could have been spoken by none other than the deceased and Wells under the circumstances. With regard to the tes-

timony of Dorothy Kirk, the record shows that no objection was taken to this testimony, and therefore can not be considered upon appeal.

The complaint is made also that witnesses were introduced by the Commonwealth who testified that Wells had a reputation for bad disposition and bad temper more than ten years prior to the time of the shooting. The court specifically instructed the jury that they were not to consider the testimony as to Wells' reputation for bad temper more than ten years prior to the alleged offense, but were to confine themselves to evidence of his reputation within a reasonable time of the alleged offense. We find no error in the admission of this evidence.

Objection is made to Instruction No. 5, which related to the powers of a peace officer to arrest one who is intoxicated in his presence. We find no error in the giving of this instruction since there was evidence in the record to support a finding under that instruction. See Stanley's Instructions to Juries, section 878.

The judgment must be reversed because there was a separation of the jury in contravention of section 244 of the Criminal Code of Practice. During the trial, the sheriff, who had been instructed to keep the jury together, took them to a restaurant for dinner. One of the jurors was permitted to leave the rest of the jury, in company with the sheriff, and make a telephone call. While the sheriff testified that at all times he had all the members of the jury under surveillance and that the juror told him he wanted to call his wife, he admitted that he could not hear what was said to the juror, nor did he state that he heard the juror's end of the conversation. We have held consistently that a prejudicial error has been committed in cases of jury separation where there has been sufficient opportunity afforded for the exercise of improper influence on one or more jurors. In such a case, the burden is upon the Commonwealth to show that there was no exercise of improper influence. Adams v. Commonwealth, 310 Ky. 506, 221 S. W. 2d 81, and the cases cited therein. In this case the Commonwealth failed to sustain that burden.

For the reasons given, the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.