**Ira HAMILTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1955.

A. J. May, Joseph P. Tackett, W. W. Burchett, Clifford B. Latta, Prestonsburg, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A' Stewart, Asst. Atty. Gen., for appellee.

CAMMACK, Judge.

Ira Hamilton was sentenced to life imprisonment for the willful murder of Bert Hamilton. Ira, who was Bert's neighbor, had been helping Bert make moonshine liquor, at a still located on Ira's property. According to Ira, Bert had accused him of pouring out a barrel of his beer and had threatened to kill Ira unless he paid $25 for the beer. The fatal shooting occurred in December, 1954, near the home of Tramble Tackett, Ira's brother-in-law. Ira's evidence showed that he acted in self-defense after Bert renewed his threat to kill him unless he paid the $25. The evidence for the Commonwealth tended to show that Ira was the aggressor throughout the difficulty.

On this appeal, Ira contends that (1) the verdict was the result of passion and prejudice and is not supported by the evidence; and (2) ample opportunity existed for the exercise of improper influence upon the jury, in violation of Section 244 of the Criminal Code of Practice. In view of our conclusion that the second contention is well grounded, it is unnecessary to discuss the first one, other than to say that we think the case was one for the jury.

Section 244 of the Criminal Code provides in part:

"On the trial of offenses which are or may be punished capitally or by life imprisonment the jurors after they are accepted, if all of the same sex, shall not be permitted to separate, but shall be kept together, in charge of the proper officers. But if the jury consists of both male and female, then the sexes of such jury may be permitted to separate during the trial and when neces-

sary after final submission of the case, each sex, being kept together in charge of an officer of like sex, as if two separate juries."

In construing this section, we have held that prejudicial error has been committed where there has been sufficient *opportunity* afforded for the exercise of improper influence on one or more jurors. The burden is upon the Commonwealth to show that no *opportunity* for the exercise of improper influence existed, and a mere showing that no improper influence actually took place will not prevent a reversal where the opportunity itself has been shown. See McElfresh v. Commonwealth, Ky., 243 S.W.2d 497; Adams v. Commonwealth, 310 Ky. 506, 221 S.W.2d 81, and cases cited therein.

Six women were on the jury which tried the appellant. On one occasion, one of the women went to a private home and made a telephone call to her daughter, unaccompanied by the guard responsible for keeping the jury together. On another occasion, two of the women were accompanied by the guard to a private home across the street from where the women jurors were staying. One of the women made two telephone calls in the presence of the guard. At this time, the other four women on the jury were left alone for approximately 15 minutes, though the guard said the house was locked.

The Commonwealth introduced evidence showing that nothing was said relating to the case in any of the telephone calls. However, this does not meet the objection that an opportunity to exercise improper influence upon members of the jury was presented when the four women were left unguarded for as long as 15 minutes, and still another opportunity existed when one phone call was made in the absence of the guard. The better practice is to have the jurors accompanied even when necessary phone calls are made.

The judgment is reversed, with directions for a new trial consistent with this opinion.