**Virgil NICHOLAS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1956.

Hile Pritchard, Albany, Fritz Krueger, Somerset, Robert H. Roberts, Byrdstown, Tenn., for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Virgil Nicholas, tried under an indictment charging him with the wilful murder of Virgil Dowdy, was convicted of voluntary manslaughter and sentenced to prison for twenty-one years. He admitted the killing but claimed self-defense as a justification. No contention is here made that the Commonwealth's evidence was insufficient to sustain the verdict; therefore, we deem it unnecessary to set forth the facts relative to the slaying. The chief ground urged for reversal is that prejudicial error was committed when the jury was allowed to separate during the trial. We think this contention is well taken, and we shall for the most part confine this opinion to a discussion of that issue. There are two occurrences complained of that we do not believe constitute material separations within the purview of the applicable code section; consequently, we shall not dwell upon these, but we shall give our attention to the one instance that we consider to be of such a grievous nature that a reversal of the judgment is required.

Section 244 of the Criminal Code of Practice provides in substance in capital offenses that after jurors are accepted they shall be placed in charge of the proper officers who shall not permit them to separate, if they are of the same sex. When women are also on the jury panel with men the former may separate from the latter during the trial or at the conclusion thereof but women must be kept together under an officer of like sex.

The jury in the instant case consisted of ten men and two women. The sheriff, Charlie Long, was placed in charge of the men and his wife was given the custody of the women. The women were taken by Mrs. Long and kept at her home. According to the affidavit of the sheriff, he obtained five rooms on the third floor of the Granville Hotel in Albany for the ten male jurors and himself, and nine of the jurors and the sheriff slept two in a room the first night at this establishment. The tenth juror, with the consent of the Commonwealth and appellant, was permitted to go home to his sick wife the first night. The second night the sheriff and two jurors slept in one room and the other eight jurors slept two in a room. The sheriff stayed in the room nearest the stairway with the door open. The five rooms were not all adjoining, as they were on opposite sides of the hall, and the rooms were not connected and the doors were left open all night on each occasion.

It is argued by the Commonwealth that the above code requirement was sufficiently complied with in this particular instance, especially since it was claimed in the Commonwealth's affidavits that the opposing attorneys agreed to permit the sheriff to keep the jurors in separate rooms in the local hotel under the arrangements recited. The alleged agreement was contradicted by counter-affidavits.

We conclude this case is controlled by McElfresh v. Commonwealth, Ky., 243 S.W.2d 497, wherein this Court held a deputy sheriff violated the provisions of Section 244, referred to above, when he placed two jurors in each of six hotel

544

rooms and then retired to another room where he slept from midnight until 5:00 or 6:00 a. m. We pointed out there that where sufficient opportunity is afforded for the exercise of improper influence on one or more jurors, the burden is upon the Commonwealth to clearly establish that the separation gave no opportunity for the exercise of improper influence, and a mere assertion that nothing harmful could have occurred will not prevent a reversal where the' opportunity to perpetrate harm has been conclusively shown. See also Hamilton v. Commonwealth, Ky., 285 S.W.2d 156, and Adams v. Commonwealth, 310 Ky. 506, 221 S.W.2d 81.

Here the jurors were bedded down doubly in rooms that did not even adjoin. The doors remained open during the whole night. The jurors were free to come and go as they pleased. There was no arrangement whereby it was necessary to pass by the officer's bed if any juror desired to go out, which we held in Adkins v. Commonwealth, 197 Ky. 385, 247 S.W. 26, was not a material separation. Any outsider could have had ready access to any of the jurors. As a matter of fact, there was much more opportunity for the jurors to be tampered with in the case at bar. than in the McElfresh case.

Another reason assigned for reversal concerns the Commonwealth's cross-examination of certain character witnesses who testified that appellant possessed a good reputation for peace and quietude in the community where he lived. These witnesses were asked if they had heard of difficulties appellant had had with a number of other persons previous to the time of the shooting, and it contended the questions were of a prejudicial nature. Since there must be another trial of this case, and the same alleged error may not recur, we shall not discuss this complaint· other than to state that this type of evidence is admissible on very narrow grounds and that, when such testimony is being developed during a trial, a heavy duty is imposed upon the trial judge to fully protect the accused's rights. We believe the case of Fugate v. Commonwealth, 211 Ky. 700, 277 S.W. 1029, and Roberson's Criminal Law, Sec. 1838a, p. 1956, fully set forth the law governing the scope and limitations pertaining to the introduction of such testimony and also the precautions to be exercised when evidence of this nature is being placed before the jury.

Wherefore, the judgment is reversed with directions that appellant be granted a new trial.