Charles Edward DOBBS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 2, 1959.

Rehearing Denied Dec. 18, 1959.

Carlos B. Pope, Barbourville, for appellant.

Jo M. Ferguson, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Appellant was convicted of the crime of rape and his punishment was fixed at confinement in prison for a period of 10 years. A reversal is urged on the grounds that: (1) The court erred in failing to instruct the jury upon the whole law of the case; (2) certain members of the jury were guilty of misconduct; and (3) the judgment of conviction was entered contrary to Sec- tions 283 and 285 of our Criminal Code of Practice.

On the occasion the alleged offense occurred, prosecutrix, who was then 15 years of age, was employed by appellant and his wife to care for their infant children. According to prosecutrix, after appellant's wife had left the house, appellant forced her into the bathroom and had sexual intercourse with her.

The physician who examined prosecutrix after the alleged rape testified that prosecutrix had suffered a laceration in the hymenal ring of the vagina. The physician stated that an injury of this character was a result of trauma, such as a forcible entry therein. Appellant denied that he had indulged in sexual intercourse with prosecutrix or had molested her in any way. He attempted to establish an alibi.

■■ The trial court instructed the jury under KRS 435.090, and in addition gave a reasonable doubt instruction as provided by Section 238 of our Criminal Code of Practice. Appellant does not complain of the the instructions given, but insists that he was also entitled to an instruction under KRS 435.100, which is the statutory crime of carnal knowledge of an infant with consent. To sustain his contention, it was incumbent upon him to show that the sexual intercourse was committed with prosecutrix' consent or that there was evidence from which the jury could reasonably infer that she consented to the act. Carter

v. Commonwealth, Ky., 307 S.W.2d 561; Hensley v. Commonwealth, Ky., 271 S.W. 2d 891; Gabbard v. Commonwealth, 308 Ky. 165, 214 S.W.2d 87; Merriss v. Commonwealth, 287 Ky. 58, 151 S.W.2d 1030; Gilley v. Commonwealth, 280 Ky. 306, 133 S.W.2d 67; Dalrymple v. Commonwealth, 215 Ky. 25, 284 S.W. 104. Inasmuch as prosecutrix testified positively that she was forcibly assaulted, and in the absence of any evidence to the contrary, we find that the instructions given to the jury covered the whole law of the case.

■ Appellant insists that certain members of the jury were allowed to mingle on the street and in business places during a recess of the court, and that the separation of the jury afforded an opportunity for the exercise of improper influence on these members of the jury. Appellant urges that the separation of the jury, as indicated by the affidavits he filed, constitutes prejudicial error. Hamilton v. Commonwealth, Ky., 285 S.W.2d 156; McElfresh v. Commonwealth, Ky., 243 S.W.2d 497; Wells v. Commonwealth, 313 Ky. 371, 231 S.W.2d 30; Adams v. Commonwealth, 310 Ky. 506, 221 S.W.2d 81. In response to this contention, the attorney for the Commonwealth filed counteraffidavits which stated that the jury did not separate or mingle with the public as claimed by the affidavits filed by appellant. Since there was a sharp issue presented concerning whether the jury separated during the trial, and in view of the fact that the credibility of the witnesses was the determining factor we have concluded that the trial court did not abuse its discretion in finding that there had been no improper separation of the jury. Riley v. Commonwealth, Ky., 271 S.W.2d 882; Ford v. Commonwealth, 312 Ky. 718, 229 S.W. 2d 470; Allen v. Commonwealth, 278 Ky. 396, 128 S.W.2d 719.

■ The further claim of misconduct of the jury concerns an oral request made by a woman juror to the wife of the county attorney that the juror's husband be notified that she would be late getting home as she was serving on a jury. The conversation took place in open court in the presence of the trial judge and counsel for both parties. While it would have been better practice for the juror to have communicated her wishes in the matter to the trial judge instead of handling it as stated, nevertheless, counsel did not then move for a discharge of the jury and a continuance of the case but took his chances upon a trial. Under the circumstances there was certainly no prejudicial error committed if we assume that the action of the juror was improper.

■ Appellant further contends that the court erred in rendering judgment when appellant was not present in court. Section 285 of our Criminal Code of Practice provides that judgment shall not be rendered against a defendant in cases of felony except in his presence. The record in this case fails to disclose that appellant was not present when the judgment was rendered. The judgment indicates that appellant was present and made a motion for bond, pending appeal, at the time he was sentenced to prison.

■ Appellant contends that judgment was entered when there was no term of the Knox Circuit Court in session. Section 283 of our Criminal Code of Practice provides the "time" when judgment may be rendered. The date appearing on the judgment would indicate that judgment was entered of record by the Judge on March 6, 1959, when the regular term of the Knox Circuit Court was not in session. However, under the unsatisfactory state of the record as to when the judgment was rendered against appellant, we are unwilling to hold that the judgment in question is not a valid one. We find no error in this record which would authorize a reversal of the judgment in this case.

Judgment affirmed.