Rawleigh PENNINGTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1963.

Denver Adams, Hyden, for appellant.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Having been found guilty of willful murder and sentenced to life imprisonment, Rawleigh Pennington claims four reversible errors as follows: (1) denial of a continuance, (2) separation of the jury during the trial, (3) the giving of a willful murder instruction without evidence sufficient to justify it, and (4) overnight lodging of the jurors outside the county seat.

In the early evening of October 12, 1962, Pennington and the decedent, Hosa Shepherd, were in a card game outside the gasoline service station of Gordon Melton near Wooton, in Leslie County, Kentucky. Pennington said or did something that offended Shepherd, who thereupon departed to the nearby home of his mother to get a shotgun. When he returned with the gun, Pennington had left. Shepherd took the gun back to his mother's place and then went with a companion to a drive-in picture show. Some two hours later he returned from the movie and was standing in front of the service station engaged in conversation with several others (apparently the service station was something of a neighborhood loitering place) when Pennington appeared on the scene with a pistol and, without a word, proceeded at short range to shoot him down. With the first shot, Shepherd, who was unarmed, started

to run away, but Pennington continued to fire and Shepherd fell dead after moving but a short distance. The body showed several bullet wounds. Upon completion of this slaughter Pennington turned to the others present, said "Don't none of you move or I will shoot you too," and backed off up the road. That is the gist of the story as told by eyewitnesses for the Commonwealth. Pennington did not testify or put on any defense evidence.

■ That the evidence was enough to require a murder instruction is too obvious for further comment.

■ John Lamb, an eyewitness, was the only witness used at the examining trial. His name was among those listed on the indictment as required by Crim.Code of Practice § 120 and on the Commonwealth's subpoena for the trial in circuit court. The sheriff was unable to locate him for service of the subpoena and reported to the court that according to his information the witness had left the state. Appellant moved for a continuance on account of his absence, but did not make a supporting affidavit showing what the witness would say. Under these circumstances there is no basis on which the trial court could have judged, nor on which this court can say now, whether the absence of the witness was prejudicial. Hence there was no error. Dewberry v. Com., 241 Ky. 726, 44 S.W.2d 1076, 1079 (1932); Carter v. Com., 258 Ky. 807, 81 S.W.2d 883 (1935); Wagner v. Com., Ky., 355 S.W.2d 151 (1962).

Immediately after the trial appellant's counsel received information that the jurors had not remained together during the trial as required by Crim.Code of Practice, § 244(1) and thereupon included this circumstance as one of the grounds set forth in his motion for a new trial. The stronger of two affidavits submitted in support stated that during an intermission or recess in the trial the juror Miniard separated from the other jurors and visited the offices of the

County Judge and the Tax Commissioner, and that two or three of the male jurors sat on a bench in the courthouse hallway while the sheriff accompanied four others to a rest room in the basement. A counter-affidavit by Miniard explained that after the selection of several jurors the panel was exhausted and the judge appointed him as guard for the partially formed jury while other prospective jurors were being summoned; that he and the others who had been selected were sworn by the court to remain together and not to discuss the case among themselves or with others; that at the time indicated in the above mentioned affidavit he and the other jurors sat on a bench near the doors to the County Judge's and Tax Commissioner's offices, remained in the sight and presence of one another, and did not discuss the case in any manner; that he merely exchanged greetings with the County Judge; and that at no time during the formation of the jury and trial of the case was there any discussion, among the jurors or between them and any other person, relating to the case.

■ Whatever improprieties might otherwise have been inferable from either of appellant's affidavits were sufficiently rebutted, by Miniard's affidavit, to put the matter within the discretion of the trial court. Under conflicting proof it cannot reasonably be said by this court that the jury had separated and impropriety had resulted. Colwell v. Com., Ky., 320 S.W.2d 116, 119 (1958). In Gay v. Com., 303 Ky. 572, 198 S.W.2d 308 (1946), cited by appellant, the Commonwealth made no counter-affidavit to deny or explain the separation.

■ There were three ladies on the jury, and it was necessary that the jury be kept overnight. The court therefore put the male jurors in charge of the sheriff and the ladies in charge of a person of their own sex, and gave the usual admonitions. According to the motion for a new trial the male jurors stayed at the sheriff's home and the others in the home of one of the

lady jurors. Appellant's brief indicates that one or both of these places were outside the county seat. All of the information as to where the jurors spent the night is apocryphal, because it was not authenticated by the trial court in the bill of exceptions. We cannot accept a statement that appears nowhere except in a motion, Senibaldi v. Com., Ky., 338 S.W.2d 915, 919 (1960), to say nothing of one that appears only in a brief. Even so, however, in the absence of a showing to the contrary it is our opinion that there is nothing improper or prejudicial in lodging a jury outside the county seat in which the trial is being held.

The judgment is affirmed.