Cordis **HUDSON** and Carlos Hudson, Appellants,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 24, 1969.

Rehearing Denied Feb. 13, 1970.

A. Dale Bryant, Jackson, for appellants.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Frankfort, Alva A. Hollon, Hazard, James S. Hogg, Jackson, for appellee.

STEINFELD, Judge.

Charles and Cordis Hudson, brothers, along with their cousin, Carlos Hudson, were indicted on August 13, 1968, by a Breathitt County grand jury for the crime of murder. They were jointly tried for the murder of Chalmer Miller and the jury found Cordis Hudson guilty of voluntary manslaughter and fixed his punishment at 21 years in the state penitentiary, found Carlos Hudson guilty of the same offense and fixed his punishment at seven years, and found Charles Hudson not guilty.

Appellants moved to set aside the verdict and grant appellants a new trial. The motion was overruled, judgment was entered and sentences were pronounced.

The crime occurred near Hardshell, in Breathitt County, Kentucky, on July 9, 1968, when Chalmer Miller was admittedly shot and killed by Cordis Hudson. All three defendants, the Commonwealth contended, were guilty of murder by conspiracy.

There are two different versions as to why appellants and Miller were together when the shooting occurred. Appellants say that Miller came home from work intoxicated and learned that his family had been "feuding" with the Hudson family. Appellants also stated that the deceased banded together with his in-laws to harass the Hudsons, that he began to use vulgar language, and fired guns at or near the Hudson home. They said that Miller held James Paul Hudson, Charles Hudson and Dennis Napier at gun point. Cordis Hudson also stated that he observed the deceased aiming a gun at his brother, Charles, and that Miller said to Cordis that he "would get him first". At that time Cordis shot and killed him. Matilda Campbell, a Commonwealth's witness, testified that Cordis enticed Miller out from behind a tree and shot him.

On appeal, a number of contentions are made claiming that the defendants below were not tried according to law. It is unnecessary for us to lengthen this opinion with a discussion of all of these claims since they are unlikely to occur on the next trial.

It is argued that the trial court erred in the method used in selecting the members of the jury panel. We consider it necessary only to note that we are confident on a retrial there will be full compliance with KRS 29.115 through KRS 29.135. These sections of the statutes specify the procedure to be followed in selecting and impaneling a jury. See Price v. Com., Ky., 366 S.W.2d 725 (1962) and Brock v. Com., Ky., 430 S.W.2d 333 (1968).

The claim of error on which we reverse is that the members of the jury, when considering the case, failed to conform with the procedure essential to a trial according to law. The trial court determined that the sheriff should not take charge of the jury during court adjournment and that it should be placed under the supervision and control of Reverend Lonnie Morrison. On one occasion Reverend Morrison permitted the jurors, who were in two separate motor vehicles, to remain in those cars parked outside Morrison's home while he left them and delivered a sweeper. He was gone from five to ten minutes during which time there was no supervision. On another occasion he took the jury to the home of one of the jurors for breakfast. They were seated in two rooms and were served by the host's wife. The jurors in the room

where Morrison was not present were not supervised and there were outside exits. The third incident of which complaint was made was that one juror was permitted to use a telephone to talk to his wife. The supervisor claims that he accompanied this juror to the telephone and overheard his words but of course did not hear what was said by the person to whom he was talking. There was no showing that anyone was in charge of the jurors while Reverend Morrison was supervising the telephone call.

RCr 9.66 provides in part: "If the offense charged is punishable either by life imprisonment or by death, the jurors shall be kept together in charge of the proper officer. They may be permitted to separate only by agreement of the parties and with approval of the court." The offense for which the appellants were charged was punishable by life imprisonment or death and there was no agreement of the parties for any separation. There was testimony that the court authorized Reverend Morrison to deliver the sweeper to his house and for jurors to telephone their wives. However, there was no proof to indicate that the court authorized him to leave the jurors while he remained in his residence from five to ten minutes.

The actions of which appellants complain were called to the attention of the court in the form of a motion for a new trial. The motion was filed promptly after movant learned of the occurrences. There was no delay such as we had in Flannery v. Com., Ky., 443 S.W.2d 638 (1969). In Wells v. Com., 313 Ky. 371, 231 S.W.2d 30; 21 A.L. R.2d 1136 (1950), we held that the burden was on the Commonwealth to show that when a sequestered juror used a telephone there was no opportunity for improper influence. Also see Shorter v. Com., 248 Ky. 37, 58 S.W.2d 224 (1933). On the subject of permitting a juror to go in company with the deputy sheriff to his home as being improper see French v. Com., 100 Ky. 63, 18 KLR 574, 37 S.W. 269 (1896).

It is our opinion that the Commonwealth has failed " * * * to show clearly that no opportunity has been afforded for the exercise of improper influence on the juror who has separated from the remaining members of the panel." Gay v. Com., 303 Ky. 572, 198 S.W.2d 308 (1946); McElfresh v. Com., Ky., 243 S.W.2d 497 (1951). Also see Bowman v. Com., Ky., 290 S.W.2d 814 (1956). We are also convinced that it has not clearly shown that there were not other opportunities for improper influence.

In Smith v. Com., Ky., 366 S.W.2d 902 (1962), we said that "The granting or refusing of a new trial for violation of Criminal Code Section 244,[1] or on other grounds, rests largely in the discretion of the trial judge, and his decision will not be disturbed unless it clearly appears to be in error." In the present case we hold that the trial court abused its discretionary right.

The judgment is reversed with directions to grant Cordis Hudson and Carlos Hudson a new trial.

All concur, except EDWARD P. HILL, Jr., C. J., who dissents.

---

1. Criminal Code Section 244 has been replaced by RCr 9.66.