James Woodrow ARNETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 2, 1971.

Rehearing Denied Oct. 15, 1971.

**836** ◼ ◼◼◼◼◼◼◼◼

---◆---

Cordell H. Martin, Hindman, Rudy Yessin, Edward L. Fossett, Smith, Reed, Yessin & Davis, Frankfort, Ed Bach, Campton, for appellant.

John B. Breckenridge, Atty. Gen., James Wooten, Asst. Atty. Gen., for appellee.

## VANCE, COMMISSIONER.

The appellant, James Woodrow Arnett, indicted for willful murder, was convicted of voluntary manslaughter and sentenced to 10 years' confinement in the penitentiary. In his appeal, he contends the trial court erred by admitting evidence of the commission of previous offenses; that the jurors, while deliberating the case, were allowed to make telephone calls and that the jury was improperly allowed to separate.

The appellant shot and killed Carl Gene Adams during or immediately following an altercation between them. After the testimony for the defense was completed, the Commonwealth called a witness in rebuttal who testified concerning an entirely separate event of that day as follows:

Q. "I will ask you this question: If while he was there at the filling station where you were working at that particular time, if at that place and time he had a pistol?"

BY CORDELL H. MARTIN: "Objection, your Honor, that is not rebuttal testimony."

BY AFTON M. SMITH: "If he had a pistol on him. That's the question."

A. "Yes."

Q. "How do you know that he had a pistol?"

A. "Well, he pulled it on me."

BY CORDELL H. MARTIN: "Objection, your Honor, and move to exclude."

The appellant moved to set aside the swearing of the jury on the ground that the testimony constituted proof against him of the commission of another crime. The Commonwealth contended the evidence was admissible to show that the appellant had a gun in his possession.

◼ We acknowledge a rule of law of long standing in Kentucky in criminal cases that evidence of crimes, other than the crime charged in the indictment, is not competent, subject to the exception that such evidence is competent to establish identity, guilty knowledge, intent, or motive, or when other offenses are so interwoven with the one under trial that they cannot be properly separated. Rake v. Commonwealth, Ky., 450 S.W.2d 527 (1970);

Bell v. Commonwealth, Ky., 404 S.W.2d 462 (1966).

■ The testimony in question tended to show acts which constituted the commission of another offense by the accused (drawing or flourishing a deadly weapon, KRS 435.200) at a different time and place. It was, of course, relevant to show that appellant was in possession of a weapon, but he freely admitted that fact throughout the trial. The testimony did not establish identity, guilty knowledge, intent or motive and we feel that it should have been excluded.

The trial court admonished the jury as follows:

"The court wishes to admonish the jury as to the evidence of the witness Fred Conley. The total purpose of this witness was showing that he had a pistol. As to the pulling of a pistol or use of the pistol is not to be considered by you. We are not trying anything about the use of the pistol. The only evidence you can consider of this witness is whether or not he had a pistol and can be considered for no other purpose. None of the other evidence is competent in this case."

■ The question is whether the objectionable testimony was so prejudicial in its effect that it was not cured by the admonition. We think it was not.

The appellant, by his own admission, had been in an argument with the deceased and his companions several hours before the shooting and the evidence of his guilt was overwhelming. The penalty imposed did not approach the maximum.

RCr 9.24 provides:

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

We do not believe the error complained of affected the substantial rights of the appellant.

■ A companion of the decedent testified that he and the decedent attempted to avoid the appellant on the day in question by going to Paintsville where appellant was not likely to be because "he was wanted over there for pistol whipping that banker's son." The appellant objected to this testimony and the court sustained the objection. The appellant did not ask for any further relief from the trial court. He cannot now be heard to argue that the trial court should have granted relief at the trial which was not requested.

In his motion for a new trial the appellant alleged that certain members of the jury were permitted to make telephone calls and were improperly allowed to separate while they were deliberating the case.

■ The Commonwealth admits that several of the jurors were permitted to make telephone calls. The officers in charge of the jury and members of the jury established by affidavits that the telephone calls were made in the immediate presence of the deputies and the other jurors and that the deputies could hear the conversation of the jurors using the phone. No incident of actual jury tampering is alleged.

■ We have frequently criticized the practice of permitting jurors to use the telephone while deliberating a case. The practice invites suspicion and abuse. It is uncalled for in any case because even in those instances in which a juror must necessarily communicate with family or others there is no reason the communication may not be relayed through the officers in charge of the jury. Nevertheless, though condemning the practice, we have consistently refused to grant a new trial when the deputy in charge of the jury was in such immediate proximity as to be able to overhear the conversation of the juror using the phone. In Smith v. Commonwealth, Ky., 366 S.W.2d 902 (1962) we said, "In cases involving improper separation and telephone calls made by the jurors, the saving feature seems to be the protection af-

forded by the presence of the officer who hears the juror's conversation and can testify that the juror had made no mention of the case. This is a narrow distinction. Such conduct has been criticized. It is open to abuse. On the other hand, it has been recognized as a proper practice."

Wells v. Commonwealth, 313 Ky. 371, 231 S.W.2d 30, Annotation, 21 A.L.R.2d 1136 (1950), cited by appellant, in which a different result was reached, is distinguishable because the person in charge of the jury was unable to hear the conversation of the juror who used the telephone.

With respect to the allegation of improper separation of the jurors, the affidavit supporting the motion and grounds for a new trial alleged:

"That he had talked to Rurie Fugate, proprietor of the Youngs Hotel in Hindman, Kentucky, and that she stated she had kept ten of the lady jurors for one or two nights; that she placed two jurors in each room in five of her rooms; that the supervisor and guard, Herman Combs Gayheart, slept in the sixth room away from the jurors who were occupying the other five rooms from each of which there was a private door or entrance to the main hallway of the hotel."

 It is noted that the affidavit related only what the affiant had been told and did not profess to express any personal knowledge by him of the events mentioned. This fell completely short as a supporting affidavit and did not constitute any evidence of improper separation of the jury. A counter affidavit was filed in which the deputy in charge of the lady jurors stated that they were kept under close guard at all times. There was no abuse of discretion in overruling the motion to grant a new trial.

 The complaint that certain jurors were allowed to make telephone calls and that the jury was allowed to separate was first brought to the attention of the trial court in the motion and grounds for new trial. The affidavits did not clearly show when the appellant first had information of the phone calls and the alleged jury separation. If he had knowledge of these facts before the verdict and failed to make a timely motion for a mistrial, the alleged errors were waived. Flannery v. Commonwealth, Ky., 443 S.W.2d 638 (1969). When a defendant with knowledge of such an error elects not to call it to the attention of the court in timely fashion before submission of the case to the jury, he in effect waives the error and takes his chance with the jury verdict. Upon being disappointed with the verdict, it is too late to come in the back door with a complaint about the alleged error. For that reason an affidavit alleging irregularities in the conduct of the jury must show when such information came to the attention of the appellant or his attorney.

The judgment is affirmed.

All concur.