Charles Reeves WONN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 26, 1980.

**170**

Oliver H. Barber, Jr., Gittleman, Charney & Barber, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., John F. Zink, Asst. Atty. Gen., Frankfort, for appellee.

Before WHITE, BREETZ and HOWERTON, JJ.

WHITE, Judge.

This appeal is taken from convictions in the Fayette Circuit Court for violation of KRS 218A.140, obtaining a prescription by fraud, and of KRS 532.080, persistent felony offender, second degree.

Appellant was indicted on two counts of having obtained prescriptions by fraud from Dr. Maurice Royalty and one of the same offense from Dr. Harold Haynes. Dr. Royalty died before trial. Although his receptionist testified concerning various office records and a pharmacist verified that he had filled prescriptions from Dr. Royalty for appellant, the Commonwealth was unable to establish the requisite element of fraud to have been practiced upon Dr. Royalty. Accordingly, appellant was granted a directed verdict on those two counts.

Towards developing intent and/or common plan or scheme the Commonwealth introduced testimony relating to visits with other doctors from whom appellant received additional prescriptions. These acts were not included in the indictment although they allegedly occurred during the same time period as those with which Wonn was charged. Appellant asserts as error the admission of this testimony despite objection that such was improper direct evidence of other crimes.

 Although evidence of specific criminal activity not covered by the indictment may not be introduced to show that the defendant acted in conformity with his character or to prove beyond a reasonable doubt that the additional acts did occur, such may be introduced to establish certain other considerations including motive, intent, knowledge, identity, and common plan or scheme. *See, e. g., Arnett v. Commonwealth*, Ky., 470 S.W.2d 834 (1971). When

evidence admitted for one purpose meets all the rules applicable to it, it does not become inadmissible because it does not meet all the rules in some other capacity or because the jury may improperly consider it in the latter capacity. 1 *Wigmore on Evidence* (3rd Ed. 1940) § 13.

■ Against the probative value to be served through admitting such testimony is weighed the potential of undue prejudice which could be vented through the tendency to overpersuade or prejudge thereby denying the opportunity for a fair trial. Prejudice is measured by the purpose to be served with the evidence as well as by a consideration of the nature of the testimony itself.

■ Having reviewed the challenged testimony, we are unable to accept appellant's contention of error. Clearly such was properly admissible to establish intent or a common scheme. Further, the court correctly admonished the jury regarding the limited purpose for which the testimony was to be considered. In view of the purpose to have been served with the evidence as well as in consideration of the nature of the testimony itself, we cannot state that appellant was unfairly prejudiced.

Appellant assigns as error the fact that he was precluded from testifying in his own behalf based upon the trial court's *Cotton* ruling that impeachment upon his earlier conviction under KRS 218A.140 would be proper. Counsel acknowledges that such a felony does fall within the aegis of *Cotton* ; however, he argues that as the prior conviction embodied the same elements as that which currently was tried, the jury would be unduly swayed, thus creating an element of unfair prejudice.

The common law permitted impeachment based upon any felony or "infamous crime." This policy was tempered in *Cowan v. Commonwealth*, Ky., 407 S.W.2d 695 (1966), only to the extent of restricting inquiry to a single instance of prior conviction.

■ However, recognition of the deterrent effect on a defendant's election to testify, of a defendant's foregoing taking the stand in anticipation of indiscriminate impeachment, spawned *Cotton v. Commonwealth*, Ky., 454 S.W.2d 698 (1970). That holding limited impeachment on previous convictions to that relating to credibility, i. e. crimes involving dishonesty, stealing, and false swearing. Although the fact of such prior convictions is irrelevant and immaterial to establishing the *elements* of the current proceeding, it is relevant and material to *credibility*.

Acknowledging that the probability of prejudice is greater when the immediate case also turns on issues of dishonesty or false statement, and especially so when the charges are the same, *Cotton* further vested the trial court with discretion in determining the presence of undue prejudice. Through an in-chambers hearing the court is to weigh admissibility against the danger of improperly influencing the outcome through the tendency to persuade to convict based on the prior conviction rather than upon the present substantive evidence.

■ Credibility of a witness is always relevant; however, it becomes an issue only *after* one takes the stand. The *Cotton* rule incorporates certain safeguards for the accused who elects to serve as his own witness; nevertheless, it cannot extend its protection to one not yet before the court in that role.

Accordingly, we are unable to accept as error appellant's suggestion of prejudice when presented merely on a speculative basis. The Commonwealth gratuitously provided Mr. Wonn with prior notice of its intention to impeach based upon the prior prescription fraud conviction should he testify. He, thereby, chose not to be confronted with such but rather exercised his established and clearly defined constitutional right to remain silent. Had he taken the stand, and subsequently been presented with the previous charge, the issues of unfair prejudice and error could properly be raised before us. As presented, however, the question of prejudice is too ill-defined and abstract as to permit review.

Appellant next challenges an instruction to the jury as having been overbroad and therefore improper. The instruction required that guilt be found if the defendant

(ii) Knowingly concealed from Dr. Haynes the fact that he had *on prior occasions* obtained prescriptions for Dilaudid or another controlled substance, Percodan, from Dr. Collins of South Shore, Kentucky, Dr. Hamner of Danville, Kentucky, and/or Dr. Royalty of Lexington, Kentucky .... (Emphasis added.)

Appellant asserts that such permitted the jury to find him guilty if on *any* occasion, whether within two days, two weeks, or two years of seeing Dr. Haynes, he received prescriptions from the other physicians. We agree that the instruction does encompass a wide spectrum of time; however, we also observe that it is sufficiently specific as to cover the time frame with which the action was concerned. Accordingly, we are unable to discover how appellant was prejudiced by such instruction.

Finally, it is alleged that the court improperly denied appellant's motion to separate for trial the charges relating to Dr. Royalty and Dr. Haynes. *Jones v. Commonwealth*, Ky., 457 S.W.2d 627 (1970), provides a very clear guideline for this Court's posture in resolving this issue. In discussing a similar contention of error arising from the trial court's failure to direct separation of trials, the appellate Court stated:

As in the instance of any other error, the appellate court addresses consideration to the question of prejudice.... If viewing the trial in retrospect, it is clear that there was in fact no prejudice, there is no occasion for a reversal. Here the evidence of guilt was overwhelming and the penalties imposed were the minimums. Under these circumstances the error must be considered harmless. *Jones* at 629.

We find those words to be of dispositive application to the case at bar. Appellant has failed to convince us that any actual prejudice resulted from the failure to separate. Certainly any testimony relating to appellant's association with Dr. Royalty could as readily have been admissible under the common scheme theory referred to above as in an attempt to establish the elements of the charges themselves. Thus, even were severance mandated, and we are not of the opinion that such was required, without a showing of actual prejudice there can be no grounds for reversal.

The judgment is affirmed.

All concur.