**Stanley ROSENZWEIG, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 7, 1986.

David S. O'Brien, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Mary-James Young, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, HOWERTON and WHITE, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court, entered pursuant to a jury verdict finding appellant guilty of various criminal offenses. The judgment convicted appellant of two counts of theft by failure to make required disposition of property over $100.00, eleven counts of theft by deception over $100.00, and two counts of theft of services over $100.00.

Appellant charges the trial court with reversible error on two grounds. First, he alleges that the trial court abused its discretion and substantially prejudiced the defense by refusing to grant appellant's motion for a continuance. On the morning of trial, appellant requested a continuance based on his wife's illness and hospitalization in Camden, New Jersey. The trial judge contacted the wife's treating physician, who stated that appellant's presence would not aid his wife's recovery. The court also noted that appellant had obtained an earlier continuance, and that the Commonwealth had twenty-six witnesses standing by ready to testify. Based on these considerations, the court denied appellant's motion for a continuance.

Kentucky courts consistently hold that "an application for a continuance is addressed to the sound discretion of the court and the action of the court will not be disturbed unless that discretion is abused." *Lewis v. Liming*, Ky.App., 573 S.W.2d 365 (1978); *Williams v. Commonwealth*, Ky., 644 S.W.2d 335 (1982). In this case, appellant did not request a continuance due to the illness of a party, counsel or a witness. Instead, appellant sought a continuance because of his wife's hospitalization and his alleged inability to participate in his own

defense. Under the circumstances, the trial court did not abuse its discretion in overruling appellant's motion for a continuance.

 Appellant also contends that the trial court substantially prejudiced his case by admitting evidence of his collateral acts and business dealings. Appellant's collateral acts would be characterized as white collar crimes. As a business man in Finley, Ohio, appellant repeatedly failed to pay his employees, defaulted on business debts, and settled personal debts with company money. Because the Ohio transactions were not directly related to the Kentucky crimes, appellant reasons the trial court erred in admitting evidence of those incidents.

We disagree. The evidence of his Ohio business dealings related directly or indirectly to appellant's activities in the Louisville area. Evidence of other crimes is not admissible to show criminal propensity, but such evidence is competent to establish motive, intent, knowledge, identity, and *common plan or scheme. Wonn v. Commonwealth*, Ky.App., 606 S.W.2d 169 (1980). Evidence of other crimes is admissible to show common scheme or plan if the "offenses are so interwoven with the one under trial that they cannot be properly separated." *See Arnett v. Commonwealth*, Ky., 470 S.W.2d 834 (1971), and cases cited therein.

In this case, the trial court admitted evidence concerning the Ohio transactions for the limited purpose of establishing common scheme or plan. Furthermore, the court instructed the jury to consider evidence of the Ohio transactions "only insofar as it may tend to show, if you believe it does show, a plan, scheme, a course of conduct or intent on the defendant's part to commit the offenses for which he is being tried in this case." In our opinion, the trial court did not err in admitting the evidence, and properly admonished the jury as to its limited purpose. *See Wonn v. Commonwealth*, 606 S.W.2d at 170.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.